UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA :
:
- v. - : **Protective Order**
:
SUNG KOOK (BILL) HWANG and : 22 Cr. 240 (ALC)
PATRICK HALLIGAN, :
:
Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The Honorable Andrew L. Carter, Jr., District Judge:

On the motion of the United States of America, by Damian Williams, United States Attorney, through his counsel, Matthew Podolsky, Alex Rossmiller, and Andrew Thomas, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), with the consent of the defendants, Bill Hwang and Patrick Halligan, through their respective defense counsel, and for good cause shown, the Court hereby finds and orders as follows:

1. With the exception of publicly available documents and documents contained in a defendant's own electronic devices and accounts, and without limiting any defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in this Order, all materials, including documents, objects and information, including electronically stored information, that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *Giglio v. United States*, are considered "Protected Information" unless otherwise indicated by the Government.

2. Protected Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action, which includes materials that the Government believes affect the privacy, confidentiality, and business interests of individuals and entities:

    a. Shall be used by the defendants and their counsel only for purposes of defending this criminal action, except that either defendant may use Protected Information in *S.E.C. v. Archegos, et al.*, No. 22 Civ. 03402, or *C.F.T.C. v. Archegos, et al.,* No. 22 Civ. 03401, provided that such use is consistent with the provisions of this Order as set forth below;

    b. Shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(c) below; and

    c. May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel in connection with this action, in *S.E.C. v. Archegos*, or in *C.F.T.C. v. Archegos*;

        ii. expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action, *S.E.C. v. Archegos*, or *C.F.T.C. v. Archegos*;

        iii. prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, in connection with this action, *S.E.C. v. Archegos*, or *C.F.T.C. v. Archegos*; and

        iv. counsel for Archegos Capital Management, L.P., in connection with this action, in *S.E.C. v. Archegos*, or in *C.F.T.C. v. Archegos*;

v. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Protected Information disclosed to the defendant or his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to the above-captioned case, including direct appeal and interlocutory appeal, or dismissal of the charges against the defendant, or, if later than the conclusion of this matter, the conclusion of *S.E.C. v. Archegos* and *C.F.T.C. v. Archegos*, and any appeals therein.

4. The defendants or their counsel shall provide a copy of this Order to each Designated Person to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 2 above. Designated Persons shall be subject to this Order, and may not disclose Protected Information to any third party.

5. No defendant, defense counsel, or Designated Persons shall disclose Protected Information to members of the media, nor shall they post any Protected Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendants, defense counsel, and Designated Persons have access.

6. The provisions of this Order shall not be construed as preventing the use or disclosure of any Protected Information in any motion, public filing, hearing, or trial held in this action, *S.E.C. v. Archegos*, or *C.F.T.C. v. Archegos*, or to any district or magistrate judge of this Court for purposes of this action, *S.E.C. v. Archegos*, or *C.F.T.C. v. Archegos*.

7. The Government may at any time during the pendency of this proceeding designate materials, including documents, objects and information, including electronically stored information, constituting Protected Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such materials is prohibited by statute or regulation or otherwise is not in the public interest. Materials designated "Highly Confidential" shall be subject to the same terms as "Protected Information" (including but not limited to the terms set forth in paragraph 2, above), except that the defendants and defense counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose, other than at trial, any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use, public filing, or public disclosure of the materials.

8. By consenting to this Order, the defendants and defense counsel do not concede that any materials are Protected Information or Highly Confidential and defense counsel may challenge at any time the Government's designation of materials as Protected Information or Highly Confidential. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Protected Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Protected Information or, if so designated pursuant to paragraph 7, Highly Confidential, pending further Order of this Court.

9. The terms of this Order shall not apply to materials, including documents, objects, data, or information received by the defendants or defense counsel from a source other than the Government. To the extent that the Government's discovery contains materials and

information that are also publicly available, not as the result of any violation of this Order, nothing in this Order shall restrict the use of such publicly available materials.

10. Nothing in this Order shall preclude defense counsel at any time from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Order.

Dated: New York, New York
May __, 2022

_____
THE HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

## Consent to Entry of Protective Order

I, Sung Kook (Bill) Hwang, have read and reviewed the proposed Protective Order in the case of *United States v. Hwang, et al.*, 22 Cr. 240 (ALC), I understand it, and I consent to the entry of the Order.

_____
Sung Kook (Bill) Hwang

I, Lawrence S. Lustberg, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Hwang, et al.*, 22 Cr. 240 (ALC), I understand it, I have conferred with my client, Sung Kook (Bill) Hwang, about it, and I consent to the entry of the Order on behalf of my client, Sung Kook (Bill) Hwang.

_____
Lawrence S. Lustberg, Esq.
Attorney for Sung Kook (Bill) Hwang

## Consent to Entry of Protective Order

I, Patrick Halligan, have read and reviewed the proposed Protective Order in the case of *United States v. Hwang, et al.*, 22 Cr. 240 (ALC), I understand it, and I consent to the entry of the Order.

_____
Patrick Halligan

I, Mary E. Mulligan, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Hwang, et al.*, 22 Cr. 240 (ALC), I understand it, I have conferred with my client, Patrick Halligan, about it, and I consent to the entry of the Order on behalf of my client, Patrick Halligan.

_____
Mary E. Mulligan, Esq.
Attorney for Patrick Halligan