```
     M5J6HWAC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                              22-CR-240(ALC)
                                              Conference
 5   SUNG KOOK HWANG and PATRICK
     HALLIGAN,
 6
                       Defendants.
 7
     ------------------------------x
 8
                                              New York, N.Y.
 9                                            May 19, 2022
                                              3:00 p.m.
10   Before:

11                  HON. ANDREW L. CARTER, JR.,

12                                            District Judge

13                         APPEARANCES

14
     DAMIAN WILLIAMS,
15        United States Attorney for the
          Southern District of New York
16   BY:  ANDREW M. THOMAS
          MATTHEW D. PODOLSKY
17        Assistant United States Attorneys

18   GIBBONS P.C.
          Attorneys for Defendant Hwang
19   BY:  LAWRENCE LUSTBERG
          THOMAS R. VALEN
20        JEFFREY NAGEL

21
     FRIEDMAN KAPLAN SEILER & ADELMAN LLP
22        Attorney for Defendant Halligan
     BY:  MARY MULLIGAN
23        TIM HAGGERTY

24

25
```

1          (Case called)
2          DEPUTY CLERK:  Counsel, please state your appearances
3    for the government.
4          MR. THOMAS:  Good afternoon, your Honor.
5          Andrew Thomas and Matthew Podolsky for the
6    United States.
7          DEPUTY CLERK:  And for the defendants?
8          MR. LUSTBERG:  Good afternoon, your Honor.
9          Lawrence Lustberg on behalf of defendant Bill Hwang.
10   With me are my partners, Thomas R. Valen and Jeffrey Nagel, who
11   are sitting in the front row for the Court's convenience.
12   Mr. Hwang is here.
13         MS. MULLIGAN:  Good afternoon, your Honor.
14         Mary Mulligan from Friedman Kaplan.  With me is
15   Tim Haggerty.  And our client, Pat Halligan, is in the front
16   row.
17         THE COURT:  Good afternoon.
18         All right.  This is the initial conference.  In front
19   of me, I understand that both defendants have been arraigned on
20   the indictment.  Let me get a sense of how the parties would
21   like to proceed, starting with counsel for the government.
22         MR. THOMAS:  Yes, your Honor.
23         In advance of today's conference, we conferred with
24   counsel for both defendants.  It's our collective sense that
25   the trial here will ultimately take probably somewhere between

1  one and two months.  The reason for that length is the
2  complexity of the case, the number of witnesses, including the
3  likelihood of the number of expert witnesses on both sides who
4  testify.
5            So our proposal to the Court would be to set a trial
6  date now to reserve two months significantly down the line and
7  to set a status conference for later this summer, perhaps in
8  August, to set an interim briefing schedule.  What the
9  government would propose is block off two months perhaps in May
10 or early fall of 2023.
11           THE COURT:  And tell me a little bit more as to why
12 you think this would take a month or two months to try?
13           MR. THOMAS:  Your Honor, the government has charged
14 Mr. Hwang and Mr. Halligan with participating in extraordinary
15 and unusual market manipulation and fraud scheme.
16           The essence of the allegation is that Mr. Hwang
17 manipulated in an almost unheard of degree, a number of
18 publicly traded securities for his benefit, driving up the
19 value of the portfolio he managed by almost $30 billion in the
20 space of a year.  And in order to do that, he and Mr. Halligan
21 and the people that worked with them lied to a number of banks
22 on Wall Street.
23           And as a result, there are on, top of the manipulation
24 conduct, multiple iterations of fraud occurring at most major
25 banks that operate in New York, and a trial of this matter

would involve proof of the securities transaction, proof of the lies that were conveyed to each of those categories.

THE COURT:  So to be clear, is it your position that some of these banks would be victims of this fraud?

MR. THOMAS:  That is correct, your Honor.

THE COURT:  I may have a conflict if JP Morgan Chase Bank is involved in this as a potential victim, or Bank of New York Mellon is involved, then I have a conflict, and this will have to go back into the wheel, be assigned to someone else.

So my guess is that this is involving major banks; that one of those two very well may be a victim in this crime.

Does the government have any position on that right now?

MR. THOMAS:  Your Honor, we'll certainly go back and make sure that we can speak with authority on both banks. Speaking right now, I do not believe that Bank of New York Mellon figures in any significant way to the story, and I don't believe that Bank of New York Mellon is a loss holder.

JP Morgan Chase does figure into the story toward the end in that it's the recipient of part of the conduct towards the end of the charged period that would have enabled Mr. Hwang to enlarge his number of accounts.

THE COURT:  Is if JP Morgan Bank is involved, then I need to recuse myself, and I'll put this in the wheel and have

1   this assigned to another judge that doesn't have that conflict.

2   I'll hear from the defense if you have any thoughts on
3   that, but it seems to me that I need to recuse.

4   Defense counsel, any thoughts on this?

5   MR. LUSTBERG:  Well, your Honor, we'd hate to see you
6   go.  But if the Court feels that whatever its interest is --
7   I'm not interested in inquiring -- with regard to JP Morgan
8   requires them to recuse them, JP Morgan Chase does figure into
9   the story.  It's not a major player in this story.  If you
10  wanted to hear things out a little bit more or go through
11  motion practice and the like and get a little bit more of it, I
12  think that's something that we could do.  As Mr. Thomas said,
13  it's only at the very end that JP Morgan Chase comes into it.

14  But nonetheless, this is largely about whether
15  banks -- well, part of the case is about whether banks were
16  defrauded.  Bigger part of the case has to do -- has nothing to
17  do with the banks in many ways.  It has to do with whether open
18  market manipulation constituted a crime.  And I suspect there
19  would be a lot of motion practice on that that would absolutely
20  have nothing to do with the banks.

21  THE COURT:  Just to be clear as to why I think I need
22  to recuse:  I own stock in JP Morgan Chase as well as Bank of
23  New York Mellon.  But in addition to that, I have a family
24  member -- my wife is an attorney who worked for JP Morgan Chase
25  and currently works for Bank of New York Mellon.  So I think

1    that it certainly makes sense for me to recuse from this case.

2    Anything else from the other defense attorney?

3    MS. MULLIGAN: Good afternoon, your Honor. Thank you
4    for your remarks.

5    Obviously, the majority of this indictment doesn't
6    focus on Patrick Halligan or his conduct. It presents
7    unprecedented issues with respect to RICO conspiracy. It also
8    presents unprecedented issues with respect to the regulations
9    of security-based swaps. So we look forward to proceeding and
10   representing our client, and we understand the Court's
11   position. And thank you very much for your time.

12   THE COURT: Anything else from the government on this?

13   MR. THOMAS: No, your Honor. We certainly agree with
14   Mr. Lustberg's characterization that JP Morgan figures in at
15   the end, and differ to the Court's good judgment where that
16   leads us.

17   THE COURT: All right. Here's what I'll do. I will
18   recuse myself. I will reach out to case assignment and get
19   another judge assigned to this case.

20   Is there any sort of ministerial thing that the
21   parties would like me to do in the meantime, counsel for the
22   government or the defense? Is there any sort of ministerial
23   thing?

24   I think what makes sense is to perhaps have a date for
25   a status report for, say, Tuesday of next week just to make

1    sure that this case has been reassigned and make sure this case
2    doesn't get lost somewhere.  But is there anything else
3    ministerial the parties would like me to do, counsel for the
4    government?
5            MR. THOMAS:  Your Honor, the government would endorse
6    that approach and would move to exclude time from the
7    computation under the Speedy Trial Act between today and
8    Tuesday to facilitate the reassignment of the case and to
9    continue to allow the government to produce discovery.
10           MS. MULLIGAN:  Your Honor, I have a request.
11           Obviously, we have not yet received full discovery.  I
12   think, like many situations in this case, there's been a great
13   rush, which is very unfortunate.  And I would ask that the
14   government put forth the victims to avoid this type of
15   situation.  I'm not sure how the situation could have been
16   avoided, but we're obviously a very big case, and I'm not sure
17   if the indictment has full notice as to who the alleged victims
18   may or may not be, the alleged witnesses.  But we're in a
19   difficult situation with the recusal that's coming up.  Perhaps
20   the government should have attended to this.
21           In any event, I'm not sure.  I don't want to be in the
22   situation yet again.  So I've given the scope of this case, the
23   information that's in the government's possession,
24   understanding who the victims are, who the witnesses are, so
25   our clients can have the justice they deserve.

1  THE COURT: So are you asking me to do anything today?

2  MS. MULLIGAN: Well, I think the burden is on the
3  government. Perhaps the government -- however the government
4  advises the Court with respect to the victims, the parties, the
5  witnesses, and I think we would like that information on our
6  end. But I think that's important here.

7  THE COURT: All right. I'll leave that up to the new
8  judge who gets this case. You can raise that issue with the
9  new judge, whoever he, she, or they might be.

10  Yes, counsel.

11  MR. LUSTBERG: Thank you, Judge.

12  One ministerial aspect that I'd like to take care of.
13  Under Federal Rule of Criminal Procedure 7, technically, bills
14  of particulars are due within 14 days of arraignment. We're
15  actually a little past that now, you know, presumably there was
16  going to be a motion schedule set, and we've discussed this
17  with the government, and as part of that motion practice, we
18  might or might not seek those particulars. But I just wanted
19  to make sure that, for the record, that we preserve the ability
20  to do so today. And so I just want to put that on the record
21  and make sure that nobody is going to be precluded as a result
22  of today's -- that was certainly something I was going to raise
23  with the Court today at this status conference if your Honor
24  had not recused.

25  THE COURT: Again, this seemed like you're not asking

1  me to do anything about today; is that correct?

2  MR. LUSTBERG:  Well, I want the application -- what I

3  would ask for the Court to do is to -- as your Honor is

4  permitted to do under Rule 7, to just extend the time for us to

5  file for bills of particulars, pending whatever motion schedule

6  is set by whoever your successor is.  So, yes, I would ask the

7  Court to do that.

8  THE COURT:  Well, I'm not going to do that.  That very

9  may well be something that's contested by the government, and

10  since I'm going to recuse myself, I want to try to avoid

11  getting into any sort of contested issues, whatever that may

12  be.

13  MR. LUSTBERG:  I understand.

14  THE COURT:  What's the defense's position between

15  excluding time between now and Tuesday?  It appears to me this

16  is a complex case, and, certainly, it doesn't seem as if the

17  defense is in a hurry to try this case by Tuesday.  So it seems

18  to me that it may be wise to exclude time under the

19  Speedy Trial Act between now and Tuesday.

20  Does defense have any position on that?

21  MR. LUSTBERG:  No problem with excluding time between

22  now and Tuesday.

23  Your Honor, I want to make sure I understand because

24  I'm supposed to be out of town -- do you anticipate we're going

25  to have an in-person status conference on Tuesday?

1         THE COURT:  No.  This will be a joint status report.
2   I'm not ordering a conference in front of me.  I want to make
3   sure I get a joint status report if the case has not been
4   transferred.  If the case has been transferred to someone else,
5   you don't need to file anything.  No one needs to file
6   anything.
7         MR. LUSTBERG:  Okay.
8         THE COURT:  I want to make sure the case doesn't get
9   lost.
10        MR. LUSTBERG:  Okay.
11        THE COURT:  Okay?
12        MR. LUSTBERG:  And --
13        THE COURT:  Go ahead.
14        MR. LUSTBERG:  And just -- I apologize.  And just so
15  it's clear.  I thought I understood from the conversation I had
16  with the government that they did not contest our ability to
17  file a bill of -- you said you were afraid that it would be
18  disputed.  You didn't want to rule on it.  But my understanding
19  was they did not oppose that request.
20        THE COURT:  I'd say just deal with that with the new
21  judge who's going to have the case.  I don't want to rule on
22  that.  That's something the new judge may have a different view
23  than I might have about that.
24        MR. LUSTBERG:  I understand.
25        THE COURT:  So let's have a joint status report filed

1  by May 24 in the event that this case has not been reassigned
2  to another judge.
3        I will exclude time under the Speedy Trial Act between
4  today's date and May 24.  I find it's in the interest of
5  justice and the interest of the defendants to exclude time, so
6  the defense may be better prepared for trial.  And I will
7  exclude time for that reason.  I'll enter an order to that
8  effect.
9        Anything else from the government today
10       MR. THOMAS:  No, your Honor.  Thank you.
11       THE COURT:  Anything else from the defense?
12       MR. LUSTBERG:  No, Judge.
13       MS. MULLIGAN:  No, your Honor.
14       THE COURT:  We're adjourned.
15       (Adjourned)