# Thomas, Andrew (USANYS)

| | |
|---|---|
| **From:** | Thomas, Andrew (USANYS) |
| **Sent:** | Saturday, April 9, 2022 3:05 PM |
| **To:** | Podolsky, Matthew (USANYS); Rossmiller, Alexander (USANYS) |
| **Subject:** | Archegos: 4/9/2022 t/c Larry Lustberg, Jeff Nagel (Hwang's Counsel) |

Archegos: 4/9/2022 t/c Larry Lustberg, Jeff Nagel (Hwang's Counsel)
AT, MP

AT:
- Thanks for speaking to us. Matt and I conveyed your request and the reasons for it. We had done that before you wrote, but your email was helpful in advancing the discussion internally. We have a small concession to offer on timing.
- Before presenting it, however, I wanted to emphasize that we understand your frustrations and recognize why additional time would be helpful to you. The Office is not aiming to twist your arms or put you at a disadvantage. But we do have an intention to conclude the decision-making in this matter—and that intention rests on a number of factors, many of which would not be visible to you.
- I did want to note, however, that one reason we thought a presentation now would be useful is to ensure that it reached decision-makers close in time to Bill's proffers, and at a time when it could be considered along with other, perhaps competing, evaluations of the facts.
- By waiting, you must understand that people will continue to work on this and they may have more informed views by the time you present than if you had presented earlier in the process. Everyone will still be interested in hearing from you, of course, but it will be coming later in the process.
- We can offer up to 90 minutes with Ms. Garnett on the morning of 4/25. That will be the last opportunity we can assure you that will have to present. We ask, however, that in exchange for our extending you more time, you or Tom take possession of Bill's passport.
    - LL: Not a problem. We will do that. Bill isn't going anywhere.
- Prior to the 25th, we can keep the 14th or meet during the week of the 18th as a smaller group (perhaps the case team, Scott, and Andrea) to hear further from you. We suggest focusing the presentation to Ms. Garnett and perhaps addressing Bill's "intent" with his trading. If there's a legal presentation, it might best be made to the case team and Scott. Leave it to you, however, to present what you want in any of these meetings.

LL:
- Thank you. We appreciate that you guys have been working on this, including on the weekend. We will get back to you soon, and no later than Monday.
- We've talked about privilege waiver before. Would that have to be sorted out by 4/25?
    - AT: If you want to present on it. Last time we are planning to hear from you before deciding.
- Some of those issues more important than others? I think waiver topics were Tao, size of positions, and box trades?
    - AT: Of the three, Tao and Box Trade issues are highly relevant.
- We are focused on the materials you highlighted with Bill. If there's other stuff, please tell us.
    - AT: We tried to be thoughtful in our selection of materials for Bill. Those materials exemplify categories of trading that are of interest. There is more—but addressing those as categories would be helpful.

JN:
- What do you mean when you say to focus on intent with Ms. Garnett?
    - AT: In some ways, the facts of the trades—when, how much, at what prices—is a matter of record. A key consideration is what Bill meant by his trading. For example, Bill told us in each meeting he really liked the names and kept buying them. A question you might address is whether the trading supports that explanation.

LL:

- Most of the conversation has been on Viacom, GSX, and little bit of Discovery. Is that the right set?
    - MP: Lots of trade activity in the top 9 or 10 names. Also worth addressing the sheer scope of trading activity across the period, as distinct from individual trades. What was the point of all that?
- We will get back to you soon.