

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

March 17, 2023

**VIA ECF and HAND DELIVERY TO CHAMBERS**
Honorable Alvin K. Hellerstein, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Hwang, et al.* Docket No. 22-cr-240

Dear Judge Hellerstein:

  We write in advance of next week's oral argument on the pretrial motions in the above-captioned matter to bring to the Court's attention important information about a key case relied upon by the Government, which information just came to our attention in the course of preparation for the argument. We apologize that we were not aware of the information set forth herein when we filed Mr. Hwang's reply brief; because we may address it during the argument, in fairness and to avoid any unfair surprise, we write to bring it the Court's attention in advance of the argument.

  The question of whether or not alleging legitimate trading activity, coupled with intent to affect price, is alone sufficient to charge liability under the federal securities laws – absent some additional deceptive conduct that creates a false market signal and artificial price – is a key legal issue presented in Mr. Hwang's pending motion to dismiss. In its opposition to Mr. Hwang's motion, the Government relies in part on *SEC v. Masri*, 523 F. Supp. 2d 361 (S.D.N.Y. 2007), a so-called "marking the close" case, for the proposition that market manipulation can be charged when otherwise legitimate trading activity, such as end-of-day trading, is coupled with no more than a defendant's "inten[t] to control or artificially affect the price." Gov't Opp. at 26; *see also* Gov't Opp. at 24 & 35 (further relying upon *Masri*). Although the published history of *Masri* does not reveal it, our further review of the docket in that case demonstrates that the district court subsequently doubted, and apparently was prepared to openly reject, that view of the law.

  In *Masri*, Judge Holwell allowed the SEC's civil marking-the-close claims to proceed based upon allegations of only legitimate trading activity, including trading at the close, coupled with manipulative intent, even while noting that no Article III Court had endorsed the theory and recognizing that other courts within the district had dismissed even civil market manipulation claims when there was a failure to allege "any deceptive practice beyond mere sales." *See* 532 F. Supp. at 369 (citing, among other cases, *Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC,* No. 02-CV-0767, 2003 U.S. Dist. LEXIS 11108, at *28 (S.D.N.Y. June 20, 2003) (Sand, J.)). However, shortly before *Masri* was decided, the Second Circuit affirmed dismissal of a market manipulation claim based upon alleged high-volume short selling, noting that "something more" beyond the mere act of selling stock was needed to create price artificiality, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007); the *ATSI* decision was not cited in *Masri* and, as discussed

GIBBONS P.C.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 17, 2023
Page 2

below, had not been brought to Judge Holwell's attention. The *ATSI* case was then analyzed by Judge Sand in later decisions in the *Nanopierce* litigation, in which he re-affirmed the dismissal of manipulation claims based on massive short selling, and noted that "[m]ere sales do not inject false information into the market." *Nanopierce,* 2008 U.S. Dist. LEXIS 34560, at *6-7 (S.D.N.Y. Apr. 21, 2008).

Counsel for the defendant in *Masri* submitted a letter to Judge Holwell advising the Court of the decision in *ATSI* and Judge Sand's subsequent *Nanopierce* rulings, and seeking permission to certify an immediate appeal of the *Masri* decision. *See* Ex. A (*SEC v. Masri*, No. 4-cv-1584, ECF Docket Entry 62). The letter argued that, in light of *ATSI* and *Nanopierce*, Judge Holwell's decision allowing the SEC's "marking the close" claim to survive was erroneous. Judge Holwell endorsed the letter, ordering as follows: "Having reviewed counsel's submission, the Court grants defendant Masri leave to move for reconsideration." *See id.*

Following that order, Masri's counsel filed a brief in support of his motion for reconsideration. *See* Ex. B (*Masri* ECF Docket Entry 64). After receiving that brief, the SEC, rather than defending the original *Masri* decision, instead dismissed with prejudice all of its claims. *See* Ex. C (*Masri* ECF Docket Entry 66). Subsequent press reports confirm that this dismissal was not part of a settlement but rather reflected the SEC's decision to abandon its case. *See* Ex. D (press release, found at www.securitiesdocket.com/2008/08/27/sec-voluntarily-dismisses-manipulation-claim-against-masri/) (noting voluntary dismissal by SEC without any settlement). As the case was dismissed by the SEC, Judge Holwell had no opportunity to revisit the *Masri* decision, no appeal of the ruling was ever taken, and the original case has remained on the books ever since.

The Court should consider *Masri* in light of these significant post-decision procedural developments. Specifically, this history, including the SEC's abandonment of its claims and unwillingness to defend its legal theory post-*ATSI*, supports Mr. Hwang's position that market manipulation claims require some deceptive conduct, beyond permissible acts of trading, resulting in artificial prices. Alleging lawful trading activity coupled with an allegation that a defendant had "manipulative intent," as the SEC did in *Masri* and the Government does here, is, then, insufficient as a matter of law.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

s/Lawrence S. Lustberg
Lawrence S. Lustberg

cc: All counsel of record (via ECF filing and email)