

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 20, 2023

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Sung Kook (Bill) Hwang, et al.*,
              22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      The Government writes in response to defendant Sung Kook (Bill) Hwang's Friday letter in further support of his motion to dismiss the Indictment's market manipulation charges (Dkt. No. 64 (the "Defendant's Letter")).

      In the Defendant's Letter, he claims to have discovered "important information" about *United States v. Masri*, 523 F. Supp. 2d 361 (S.D.N.Y. 2007), a market manipulation case cited by the Government in its January opposition brief (Dkt. No. 53 (the "Opposition")), "that just came to [the defendant's] attention." (Def.'s Letter 1). Specifically, the defendant seizes on the fact that in 2007 the Honorable Richard Holwell permitted a party to file a motion seeking reconsideration of the *Masri* decision. Though that motion was never decided, the defendant now invites the Court to ignore Judge Holwell's published decision in *Masri* based on the defendant's speculation as to what might have been in Judge Holwell's mind when he issued a one-line handwritten endorsement authorizing the filing of a motion for reconsideration. (*See* Def.'s Letter 1-2 & Ex. A).

      This Court should decline the invitation contained in the Defendant's Letter, and in so much of his briefing in this case, to substitute what the defendant hopes and imagines the law could be for what the law actually is. As the Government observed in its Opposition, and as the defendant implicitly acknowledges in his Letter, Judge Holwell's opinion in *Masri* holds that open market transactions may constitute Section 10(b) market manipulation if a defendant intends to control or artificially affect the price. 523 F. Supp. 2d at 372. No contrary order, decision, or opinion has been published by Judge Holwell, nor does an endorsement permitting a party to file a brief for

reconsideration, prior to such a brief being filed, have any precedential value, much less one that undermines Judge Holwell's carefully reasoned opinion.[1]

The defendant's speculation about what Judge Holwell might have thought about a motion for reconsideration is particularly unpersuasive given that the decision to which the defendant in *Masri* pointed to justify reconsideration—*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007)—does not support his position. That opinion simply stands for the uncontroversial proposition—not at issue here—that short selling is not in of itself illegal. *Id.* at 101. Indeed, as noted in the Government's Opposition (Gov't Opp'n 25), the Second Circuit's opinion in *ATSI* makes clear that in the context of market manipulation, "[t]he deception arises from the fact that investors are misled to believe 'that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators,'" *ATSI Commc'ns*, 493 F.3d at 100 (quoting *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir. 1999)), and that therefore trades designed to mislead by creating an artificial price are unlawfully manipulative.

Of course, even if there were any language contained in the Second Circuit's opinion in *ATSI* that could be read to support the defendant's position, which there is not, the Second Circuit has subsequently made perfectly clear that the defendant's view of the law is wrong. *See S.E.C. v. Vali Mgmt. Partners*, No. 21-453, 2022 WL 2155094, at *1 (2d Cir. June 15, 2022) (affirming jury instruction that "'[i]n some cases, a defendant's 'scienter,' that is, a defendant's intent to manipulate the securities market, is all that distinguishes legitimate trading from manipulative trading'"); *Set Capital LLC v. Credit Suisse Group AG*, 996 F.3d 64, 76 (2d Cir. 2021) ("Open-market transactions that are not inherently manipulative may constitute manipulative activity when accompanied by manipulative intent."). And finally, even if there were any merit to the claims contained in the Defendant's Letter, which there is not, they would still not provide a basis to dismiss a validly returned indictment, particularly where, as here, the Indictment alleges exactly the kind of deceptive acts the defendant now claims are required. (*See* Gov't Opp'n 23, 29-32).

---

[1] The defendant also seems to suggest that the SEC's decision to dismiss claims in *Masri* has some bearing on the issues at stake in this case. (Def.'s Letter 2). This reliance on what the defendant imagines the SEC's position might have been in dismissing claims in *Masri* is particularly odd, given that the SEC has filed a parallel civil action against the defendant in this case alleging market manipulation, and has taken the same position as the Government here regarding the law of market manipulation in this circuit. *See S.E.C. v. Hwang, et al.*, No. 22 Civ. 3402 (JPO) (Dkt. Nos. 1, 47, 82).

     In short, the Defendant's Letter provides no basis to undermine Judge Holwell's opinion in *Masri*, much less ignore the established law of the Second Circuit. Indeed, the letter's attempt to do so by pointing to a 2007 handwritten endorsement permitting a party to brief a motion that was never decided is an implicit acknowledgment that the law as it stands does not support the defendant's claims.

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

                By:  s/ Matthew Podolsky
                      Matthew Podolsky
                      Alex Rossmiller
                      Danielle Sassoon
                      Andrew Thomas
                      Assistant United States Attorneys
                      Tel.: (212) 637-1947

Cc: Counsel of Record (via ECF)