UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
UNITED STATES OF AMERICA                  :
                                          :
                                          :
            -against-                     :   **ORDER ON PRETRIAL**
                                          :   **MOTIONS**
                                          :
SUNG KOOK (BILL) HWANG and                :   22 Cr. 240 (AKH)
PATRICK HALLIGAN,                         :
                                          :
                        Defendants.       :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On April 25, 2022, a grand jury charged Sung Kook (Bill) Hwang, founder and principal of Archegos Capital Management ("Archegos") and Patrick Halligan, Chief Financial Officer of Archegos (together, the "Defendants") under an 11-count[1] indictment with: (1) participating in a RICO conspiracy, in violation of 28 U.S.C. § 1962(d), in connection with the operation of an investment firm, Archegos, between March 2020 and March 2021; (2) securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; (3)-(9) market manipulation of securities in seven named publicly-traded securities[2], in violation of 15 U.S.C. §§ 78i(a)(2) and 78ff and 18 U.S.C. § 2; (10) securities fraud against the counterparties to the unlawful transactions, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and, (11) wire fraud against the counterparties, in violation of 18 U.S.C. §§ 1343 and 2. (ECF No. 1 ("Indictment")).

        The Indictment alleges that from early 2020 through March 2021, Hwang operated Archegos and its affiliated funds through systematic fraud. Indictment ¶¶ 1, 21, 41, 47,

---

[1] Defendant Hwang is charged in connection with all 11 counts. Defendant Halligan is charged in connection with counts 1, 10, and 11.

[2] These securities consist of ViacomCBS (Ct. 3), Discovery Communications, Inc. (Cts. 4 & 5), GSX Techedu Inc. (Ct. 6), iQIYI, Inc. (Ct. 7), Tencent Music Grp. (Ct. 8), and Vipship Holdings Ltd. (Ct. 9).

1

68-74. Patrick Halligan, Archegos's Chief Financial Officer, William Tomita, Archegos's Head Trader, and Scott Becker, Archegos's Director of Risk Management, among others, are alleged to have participated in the schemes to defraud Archegos's trading counterparties and to manipulate the securities markets. *Id.* ¶¶ 1-2, 68-74. The Indictment alleges that Archegos traded in derivative securities without satisfying disclosure requirements so as to conceal its positions from the market and hide the extent of Hwang's market power from counterparties and investors. *Id.* ¶¶ 4, 73. During the period of the scheme, Archegos's capital increased from approximately $1.5 billion to more than $35 billion, and the size of its market positions grew from approximately $10 billion to more than $160 billion. *Id.* ¶ 3.

On December 2, 2022, Defendants Hwang and Halligan filed pretrial motions seeking: (1) dismissal of the Indictment for failure to charge an offense; (2) an order striking of certain references to "Tiger Asia Management" from the Indictment; (3) suppression of evidence seized pursuant to certain search warrants; (4) an order compelling the government to produce a bill of particulars; and (5) an order requiring the government to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. In a separate motion, Hwang sought dismissal of the charges against him on the basis of prosecutorial misconduct. On March 21, 2023, the Court held oral argument on the pretrial motions. For the reasons discussed during oral argument, I hold the following:

1. The motion to dismiss the Indictment for failure to charge an offense is denied. The Indictment "(1) contains the elements of the offense charged and fairly informs [the defendants] of the charge against [them] which [they] must defend, and (2) enables the defendant[s] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021) (citation omitted). Accordingly, the Indictment is legally sufficient.

With regard to the market manipulation charges (Couns Two through Nine) in particular, the Indictment contains allegations that Hwang, with manipulative intent, used swap transactions to amass market power and drive trading in price-altering volumes and engaged in specific trading techniques to deceive market participants. Indictment ¶¶ 2, 28, 35, 63. These allegations are sufficient to allege market manipulation *See Set Capital LLC v. Credit Suisse Group AG*, 996 F.3d 64, 77 (2d Cir. 2021) ("Open-market transactions that are not inherently manipulative may constitute manipulative activity when accompanied by manipulative intent."); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 102 (2d Cir. 2007) ("[I]n some cases scienter is the only factor that distinguishes legitimate trading from improper manipulation.").

2. The motion to strike certain references to "Tiger Asia Management" from the Indictment is denied as academic. The Indictment will not be provided to the jury, and the question of whether the parties may introduce evidence or arguments related to Tiger Asia Management may be addressed by motions *in limine*.

3. The motion to suppress evidence seized pursuant to the search warrants issued by Magistrate Judge Gabriel Gorenstein is denied. The affidavit in support of the warrants provides sufficient information to establish probable cause. *See Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978).

4. The motion for a bill of particulars is denied. The Indictment and the Government's August 18, 2022 letter regarding alleged misrepresentations made by Hwang, Halligan, and their co-conspirators (ECF No. 38) are sufficient to allow the defendants to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam).

5. The motion for an order requiring the Government to review and produce records created or obtained by the SEC and CFTC during the course of their investigations of the

3

Defendants is denied. A prosecutor's duty to review files for *Brady* material extends to reviewing information in the possession, custody, or control of another agency only where the Government conducts a "joint investigation" with that agency. *United States v. Rigas*, No. 02 Cr. 1236 (LBS), 2008 WL 144824, at *2 (S.D.N.Y. Jan. 15, 2008), *aff'd*, *United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009). There is nothing to suggest that the agencies conducted joint, rather than parallel investigations.

6. The motion to dismiss the Indictment as to Hwang on the basis of prosecutorial misconduct is denied. Accusations of misconduct cannot be the basis for dismissal of an indictment unless the misconduct "substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). There is no support in the record for such a finding.

The Clerk of Court shall close the motions at ECF Nos. 47 and 49.

SO ORDERED.

Dated:  March 23, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge