UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of a Warrant for All Content and Other Information Associated with the Certain Email, Cloud Storage, and Electronic Communications Accounts Maintained at Premises Controlled by Microsoft Corporation, Google, LLC, Bloomberg L.P., and Apple Inc., USAO Reference No. 2021R00339 | 21 MAG 9335 |

### SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:   Bloomberg L.P. ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Thomas McDonald of the Federal Bureau of Investigation, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe the following email accounts, maintained at premises controlled by Bloomberg L.P., contains evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto:

   a. SBECKER15
   b. WTOMITA1;
   c. PHALLIGAN7;
   d. BHWANG;
   e. DTANIGUCHI2;
   f. ASCHOLL7; and
   g. PDESANTO.

Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance.  The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

      **2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence and/or flight from prosecution, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber,  to any representative of the enterprise account holder (including an attorney for the enterprise), or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

| September 27, 2021 | 6:52 p.m. |
|---|---|
| Date Issued | Time Issued |

*/s/ Gabriel W. Gorenstein*

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

**Search Warrant Attachment A**

**I. Subject Account and Execution of Warrant**

This warrant is directed to Bloomberg L.P. (the "Provider"), headquartered 731 Lexington Avenue, New York, New York 10022, and applies to all content and other information within the Provider's possession, custody, or control associated with the following accounts (the "Subject Accounts"):

   a. SBECKER15
   b. WTOMITA1;
   c. PHALLIGAN7;
   d. BHWANG;
   e. DTANIGUCHI2;
   f. ASCHOLL7; and
   g. PDESANTO.

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II. Information to be Produced by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts from January 1, 2020, to the present:

   a. *Bloomberg messaging and email contents.* All messages and/or emails sent to or from, stored in draft form in, or otherwise associated with the Subject Accounts, including all message

content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email).

  b. *Bloomberg Execution Management Data.* All Bloomberg Execution Management Data associated with the Subject Accounts or any archegoscapital.com account, including but not limited to records of stock, option, and swaps trades with broker-dealers.

  c. *Address book information.* All address book, contact list, or similar information associated with the Subject Accounts.

  d. *Subscriber and payment information.* All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

  e. *Preserved or backup records.* Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise.

**III. Review of Information by the Government**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of (a) market manipulation and fraud in connection with the purchase and sale of securities and securities-based swap agreements, in violation of Title 15, United States Code, Section 78j(b) & 78ff, 17 C.F.R. 240.10b-5; (b) fraud in connection with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports

SDNY_001_00000282

under section 15(d) of the Securities Exchange Act of 1934, in violation of Title 15, United States Code, Section 1348; (c) fraud in connection with securities-based swaps, in violation of Title 15, United States Code, Section 78i(j) & 78ff; (d) manipulation of security prices, in violation of Title 15, United States Code, Section 78i(a) & 78ff; (e) wire fraud, in violation of Title 18, United States Code, Section 1343; (f) bank fraud, in violation of Title 18, United States Code, Section 1344, (g) false statements to a lending institution, in violation of Title 18, United States Code, Section 1014; and (h) conspiracies and attempts to commit the same, in violation of Title 18, United States Code, Sections 371 and 1349, including the following:

a. Evidence of Archegos's cash position, including account balances, company ledgers, margin call reports and notices, transfer requests, and account statements.

b. Evidence of trading conducted by, or at the request of Archegos, such as trade confirmations, position reports, portfolio summaries, and discussions of trading strategy.

c. Evidence reflecting representations made to prime brokers or others regarding Archegos's trading strategy, portfolio concentration and liquidity, investment decisions, risk profile, solvency, or need for or basis for withdrawing cash from margin or other accounts.

d. Evidence reflecting Archegos's overall and prime broker-specific portfolios.

e. Evidence of access to, or control over, brokerage accounts, trading accounts, margin accounts, prime brokerage accounts, or custodial accounts at financial institutions.

f. Evidence of the state of mind of participants in the Subject Offenses, including communications among co-conspirators and any communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses.

g. Evidence of the identities of, and communications among, co-conspirators in the Subject Offenses.

h. Meeting invitations, calendar appointments, and video-conferencing invitations reflecting (a) internal Archegos meetings and conversations or

    (b) meetings and conversations with representatives of financial institutions.

i. Evidence of the receipt, transfer, disposition or location of funds or securities constituting proceeds of the Subject Offenses.

j. Evidence relating to efforts to evade law enforcement and/or regulatory agencies.

k. Information that would assist in identifying and locating investors, prospective investors, victims or witnesses.

l. Evidence concerning any proceeds or benefits received as a result of the commission of the Subject Offenses.

m. Evidence of motive to commit the Subject Offenses.

n. Location data, including but not limited to geolocation reporting and location history data and metadata associated with other files that would place co-conspirators and aiders and abettors, as well as the devices they used, in specific places at specific times, and would indicate the use of their devices during those times.

o. Information regarding the registration of other email accounts, computer servers, or other computer network infrastructure, including servers and Internet domains, or online communications facilities, payment for such online facilities or services, transfers of funds in furtherance of crimes, and proceeds of those crimes.

p. Evidence concerning any other online accounts, any computer devices or servers, or any other location where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

SDNY_001_00000284