

**Barry H. Berke**
Partner
T  212.715.7560
F  212.715.7660
bberke@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T  212.715.9100
F  212.715.8000

**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

**March 1, 2024**

<u>VIA ECF & EMAIL</u>

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *United States v. Sung Kook (Bill) Hwang, et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

On behalf of defendants Bill Hwang and Patrick Halligan, we write to apprise the Court of the status of Defendants' motion for issuance of Rule 17(c) subpoenas (ECF No. 79) pursuant to the Court's February 5, 2024 Order (ECF No. 147).

Since the initial hearing on Defendants' motion, we have held multiple discussions with nearly every proposed subpoena recipient (the "Counterparties") regarding a narrowed set of requests. The prosecution's January 5 production of intraday trade data caused us to narrow our requests further, such that the requests principally sought data reflecting the transaction history of any equity shares used to hedge Archegos's swaps (the "Hedges").

Over the course of these discussions, several Counterparties identified documents in their existing productions that are responsive to the proposed subpoena requests. At least one Counterparty has produced additional documents, and discussions remain ongoing with at least one other Counterparty regarding additional productions it may make.

In addition, during these discussions, the most significant Counterparties reported that they are unable to feasibly determine the transaction history of the Hedges because the Counterparty maintained the Hedges on a portfolio- or book-wide basis that was not

March 1, 2024



specific to Archegos.  As a result, while Hedges could be sold if offsetting swap positions existed, and could be lent to short sellers, the Counterparties are not able to produce any documentation as to when the Archegos Hedges were sold, lent out, or otherwise removed.

While the prosecution asserts below that these facts are somehow not relevant, the Indictment alleges that Archegos "dominate[d] the marketplace for the[] securities" and that it "effectively controlled" a percentage of the float of the securities through its swaps.  Indictment ¶¶ 26, 27.  We now know that this was based on the demonstrably false assumption that the Counterparties consistently maintained the Hedges throughout the duration of the swap.

Specifically, certain Counterparties reported as follows:

- *Credit Suisse:*  Credit Suisse indicated that once it hedged the Archegos swap transactions, the hedging equity position became part of a larger portfolio, and it would be at least impracticable to connect the subsequent transaction history in that portfolio with particular swap counterparties.

- *Deutsche Bank:*  Deutsche Bank indicated that, apart from the data it has produced reflecting initial hedging in connection with Archegos's swap transactions, it is unable to produce additional documents demonstrating the hedging transaction history because Deutsche Bank engaged in macro-level hedging based on overall positions held across the bank, which could involve selling hedges to net out the bank's positions.[1]

- *Goldman Sachs:*  Goldman Sachs indicated that it is unable to produce documents sufficient to show the full transaction history of any Hedges, because Goldman Sachs does not maintain hedges on a counterparty-by-counterparty basis and instead maintains hedges on an overall netted basis.  In addition, Goldman Sachs has produced certain risk-profile data concerning the hedge positions in a relevant trading account.

- *Jefferies:*  Jefferies has indicated that a reasonable search would not identify documents sufficient to show the transaction history of any Hedges, because following any initial hedging of the Archegos swap transactions, Jefferies managed its hedges on an inventory basis and sought opportunities to remove positions from its balance sheet.

- *Mizuho:*  While Mizuho generally hedged Archegos's swap positions by purchasing and holding equity on a one-to-one basis, at least with respect to

---

[1] Deutsche Bank has indicated that it maintains and has produced all relevant trade and hedging data consistent with its regulatory obligations.

March 1, 2024



Archegos's position in GSX, after initially purchasing the hedge shares, Mizuho entered into back-to-back swaps with two other financial institutions for 5.8 million shares.  In addition, Mizuho cannot readily produce information relating to any lending of hedge shares.

- *Morgan Stanley:*  Morgan Stanley has indicated it is unable to produce documents sufficient to show the transaction history of any hedges purchased in connection with Archegos's swap transactions because Morgan Stanley manages its hedges on a book-wide basis, which could involve offsetting derivative transactions.  In addition, we are in discussions with Morgan Stanley about the production of transaction data and margin information for swaps Morgan Stanley entered with Archegos before September 2020.

- *Nomura:*  Nomura has not indicated that it is able to produce documents sufficient to show the full transaction history of the Hedges.  Nomura previously produced a document indicating that Nomura was managing certain of its Hedges through a combination of "physical ownership of the stock" and "cash settled swaps."

- *UBS:*  UBS indicated that, in general, once it hedges an individual counterparty's position, its hedge position becomes part of a broader portfolio, and it is not possible to connect subsequent transactions in that broader portfolio to any particular counterparty.

**The Government's Position**

Government counsel has not participated in the negotiations summarized above and therefore has no first-hand knowledge on the status of the defendants' discussions with the counterparties, which of the defendants' initial proposed subpoena requests they have narrowed or withdrawn, and what, if any, specific records may exist on the defendants' remaining requests. Similarly, the Government takes no view on the accuracy of the factual assertions made by the defense above, except to note that these factual assertions are irrelevant to the issues at trial.

To facilitate an orderly conclusion to this Rule 17(c) litigation, and to highlight whatever disagreements may remain, the Government respectfully requests that the Court impose a deadline by which the defendants must inform the Court and the Government as to which, if any, subpoenas it still seeks to issue to the counterparties. If there is to be further litigation on the defendants' proposed subpoenas, it should occur now, well before

March 1, 2024



the commencement of trial.

       Respectfully submitted,

_____       _____
   Barry H. Berke                             Mary E. Mulligan
   Dani R. James
   Jordan Estes
   Michael Martinez

cc:     Counsel of record