# Kramer Levin



**Barry H. Berke**
Partner
**T** 212.715.7560
**F** 212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

May 12, 2024

**BY ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *United States v. Sung Kook (Bill) Hwang, et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      On the eve of trial, the prosecution has informed the defense for the first time that it seeks to argue that an "estimate" provided by defendant Bill Hwang on a call on March 25, 2021 was a misrepresentation.  This late notice is in violation of the Court's clear direction—nearly two years ago—that the prosecution provide detailed notice of all misrepresentations it intended to allege at trial.

      At a conference with the parties on June 1, 2022, the Court directed the prosecution to provide an "identification of each and all the alleged misrepresentations, by persons who made it, by their nature, persons who received it, date, time, place."  Status Conference Tr. at 16:23-17:1 (June 1, 2022).  In response, the prosecution filed a notice of alleged misrepresentations on August 18, 2022.  *See* ECF No. 38.  Relying on the adequacy of this notice from the prosecution, the Court on March 21, 2023 denied the defense's request for a bill of particulars.  *See* Pretrial Motions Conference Tr. 41:25-42:6 (Mar. 21, 2023).[1]

---

[1] At the final pretrial conference on April 11, 2024, the Court admonished the prosecution for failing to provide adequate notice of certain alleged misrepresentations by defendant Patrick Halligan, noting that "[t]his is not a hide-the-ball game" and informing the prosecution that the "clear intent" of the Court's prior directions "was to require you to give a place and date and time and person" involved in each alleged misrepresentation, and that "[i]f you are saying that Becker made misstatements or Halligan made misstatements, tell them what the misstatements were and to whom he said it and when."  Final Pretrial Conference Tr. 115:17-20; 117:9-16 (Apr. 11, 2024).  The prosecution subsequently provided notice of these alleged misrepresentations by letter on April 19, 2024, and by a supplemental letter on May 1, 2024.

Nearly two years after the Court's directive, and on the actual eve of trial, the prosecution produced Jenks Act material suggesting that it intends to elicit testimony and argument that a certain statement made by Mr. Hwang during a March 25, 2021 call with counterparties was false or misleading. Specifically, notes produced by the prosecution just two weeks ago suggest for the first time that Bryan Fairbanks, a counterparty witness, will opine that Mr. Hwang's statement during that call—that in his "estimation" it would "probably" take two to three weeks to liquidate positions to meet margin calls—was "not plausible." No such misrepresentation was alleged in the Indictment nor identified in any prior disclosure even though the prosecution has been in possession of a recording of the March 25 call for nearly three years.

When we raised this issue with the prosecution earlier today, it confirmed it intends to elicit such testimony from Mr. Fairbanks, who is scheduled to be the first witness at trial tomorrow, despite having failed to provide prior notice to the defense. While the prosecution said it only recently became aware of the alleged falsity of Mr. Hwang's statement, the prosecution spoke with Mr. Fairbanks about the March 25 call as far back as June 2021, *see* 3520-001 at 12; and has had the recording of the call in its possession since July 2021, *see* SDNY_003_00000254-255. The March 25 call is the only counterparty recording in the case that involves Mr. Hwang, and the defense has relied on the fact that for the past two years the prosecution never challenged the veracity of Mr. Hwang's statements on that call, even as it identified other counterparty calls it contends involve misrepresentations by others at Archegos. *See, e.g.*, ECF No. 38 at 4, 6, 7, 8.

Whatever the reason for the prosecution's reversal of its position, it must now be precluded from offering evidence or argument about the purported falsity of Mr. Hwang's statement on the March 25 call. It would be fundamentally unfair to allow the prosecution to switch its position on a critical issue at such a late date. Rebutting the prosecution's contention could require expert testimony analyzing how long it would take Archegos to meet margin calls given the various market dynamics at play in 2021. And Mr. Hwang would be unfairly prejudiced by having to mount such a defense to an allegation disclosed for the first time on the literal eve of trial.

Even if the prosecution *had* timely disclosed this newly alleged misrepresentation, testimony about it by Mr. Fairbanks would still be inadmissible unless and until the prosecution can establish that he had personal knowledge of Archegos's holdings on the evening of March 25, 2021. *See* Fed. R. Evid. 602. That is unlikely. As an employee of the counterparty UBS, Mr. Fairbanks did not have access to the internal Archegos records identifying Archegos's precise holdings, and was not otherwise likely made aware of them. Without knowing these precise holdings, Mr. Fairbanks could not know their liquidity or how long it would take to sell them, and thus could only speculate as to the truth or falsity of Mr. Hwang's statement. Without an adequate foundation, his testimony on this point must be excluded.

\* \* \*

- 3 -

For the foregoing reasons, Mr. Hwang respectfully requests that the Court preclude the prosecution from introducing this unnoticed alleged misrepresentation at trial.

        Respectfully submitted,

        */s/ Barry H. Berke*

        Barry H. Berke
        Dani R. James
        Jordan Estes
        Michael Martinez

cc:    Counsel of record