

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10007*

May 12, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang and Halligan*,
             S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes in opposition to defendant Sung Kook (Bill) Hwang's letter dated May 12, 2024, which seeks to deprive the jury of testimony regarding an audio recording of Hwang making false and misleading statements to representatives of various Archegos counterparties. (Dkt. 190). The defendant makes no argument that the Government did not comply with all of its discovery obligations; rather the defendant principally claims that he did not receive notice that the Government considered certain of Hwang's statements to be misleading. But the defense is wrong. The Government did provide prompt notice when it developed evidence regarding the inaccuracy of Hwang's statements. Indeed, the Government provided notice to the defense more than two weeks ago that a witness viewed the statements as implausible, and continued promptly to provide additional notice upon developing further evidence that the statements were misleading. Accordingly, the defendants cannot claim surprise and have no basis to evade powerful proof of Hwang's knowing participation in the charged scheme.

      As relevant here, on March 25, 2021, Hwang stated during a recorded phone call with representatives from multiple counterparties that Archegos could make its trading partners whole in "probably two to three weeks," that Archegos's "top two, three names . . . trade $2 to $5 billion" (referring to the average daily trading volume of Archegos's largest positions), and that he could unwind Archegos's positions in "one to three weeks."[1]

      On Friday, April 26, 2024, while reviewing a draft transcript of that call for the first time with the Government, a witness to that call stated, in substance and among other things, that, in

---

[1]     The Government produced the recording in discovery on or about May 23, 2022; marked the recording as a Government Exhibit on the exhibit list produced by the Government to the defense on or about December 19, 2023; provided the defendants with a draft transcript of the call on April 18, 2023; and alerted the defendants today that the Government would be offering the call as a Government exhibit tomorrow.

his view, statements by Hwang in the recording regarding Archegos's ability to make its partners whole in two to three weeks did not seem plausible. On the next work day, Monday, April 29, 2024, the Government produced to the defense notes of that witness's statements to that effect.

On May 2, 2024, the Government sent that witness's counsel draft transcripts of nine recording of calls in which that the witness participated, including the March 25, 2021 call described above. The Government requested that the witness review those draft transcripts for accuracy, while listening to the calls. Notably, the March 25, 2021 call was recorded, not by the witness's then-employer, but rather by another Archegos counterparty, which also was represented on that call. As a result, the witness did not have access to the recording of the March 25, 2021 call until the Government asked the witness's counsel to make that recording available to the witness for purposes of his review of the transcripts.

After the witness reviewed the draft transcripts, the next time the Government met with him was on May 6, 2024. During that meeting, the witness stated, in substance and among other things, that, in his view: (i) the statement by Hwang in the March 25, 2021 call that Archegos's "top two, three names . . . trade $2 to $5 billion" was misleading because the witness had contemporaneously deduced that Archegos's top holding was Viacom, which traded less than $2 billion per day; and (ii) the statement by Hwang in the March 25, 2021 call that he could unwind Archegos's positions in "one to three weeks" misleadingly insinuated that the portfolio was more liquid than it could possibly have been, given what the witness was seeing with respect to Archegos's business. That same day, May 6, 2024, the Government produced notes of that witness's statements drawing attention to and putting the defendant on further notice of the Government's evidence of the misleading nature of Hwang's comments on the call.

On May 7, 2024, the Government met with William Tomita, who is expected to testify at trial pursuant to a cooperation agreement with the Government and who also participated in the March 25, 2021 call, and inquired as to Tomita's understanding of Hwang's statements on that call. Tomita explained, in substance, that Hwang's statements were not accurate. The Government produced notes reflecting Tomita's statements on this topic that same day.

In short, promptly upon identifying evidence that these statements by Hwang were inaccurate, the Government disclosed that evidence to the defense, and put the defense on notice that witnesses would testify to the inaccuracy of these statements.

Indeed, the Government has repeatedly pointed the defense to specific evidence of misrepresentations made in furtherance of the charged schemes, providing, essentially, a roadmap to the Government's case. In each instance, however, the Government has emphasized that "the Government's investigation is ongoing and . . . the Government's preparations for the presentation of its evidence to a jury remain ongoing," and that therefore "the Government may seek the introduction of additional instances where the defendants and their co-conspirators conveyed false and misleading information to Counterparties, both as direct evidence of the charged crimes and as 'other act' evidence under Rule 404(b), and to support its proof through documents other than those" previously identified to the defense. (Dkt. 38 at 12). Counsel for the defendants have,

appropriately and correctly, acknowledged during discussions with the Government that the Government is entitled to continue its investigation and preparation for trial and to identify additional evidence.

That is precisely what happened here: The Government identified additional evidence of misrepresentations and promptly disclosed that evidence to the defense. Notably, the defense did not raise any questions regarding the disclosure of these witness statements regarding the inaccuracy of Hwang's statements at the time the disclosures were made, doing so only the night before the witness was to testify. However, it is clear that the defense was made well aware of the facts because approximately 45 minutes after the Government told the defense whom the Government intended to call as its first witness, the defense asked the Government whether it planned to elicit testimony from that witness regarding Hwang's false statements on the March 25, 2021 call.

Even if the Government had not promptly provided notice to the defense of the Government's view of the inaccuracy of Hwang's statements on the March 25, 2021 call—which it did—there still would be no reason to preclude the Government from offering this direct, recorded evidence of Hwang's knowing participation in the charged fraud scheme. First, despite the Government's efforts in this case to provide notice and to avoid any risk of surprise, the defense is "not entitled to a roadmap of how the Government will attempt to prove its case, a laundry list of each act the Government considers significant, or a flow chart of the Government's advocacy theories." *United States v. Rankin*, 422 F. Supp. 3d 564, 594 (D. Conn. 2019) (citing *United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018), and *United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017)).

Second, and perhaps more importantly, the defense is aware of how the Government will attempt to prove its case and particularly of the Government's intended use of the March 25, 2021 call. The defense has had the recording in its possession for over two years, since it was produced on or about May 23, 2022, and has known that the Government intended to use the recording as a Government exhibit for nearly six months, since on or about December 19, 2023, when the defense received the Government's first exhibit list. Further, the defense has received *Jencks* act material for witnesses who will testify regarding the call and the accuracy of Hwang's statements, and is in possession of information regarding Archegos's portfolio and the publicly available information regarding trading volumes in those stocks. The defense is equipped to cross-examine witnesses regarding this call or to call its own witnesses, if appropriate. The facts underlying these misrepresentations are straightforward and consistent with the facts underlying multiple other misrepresentations identified in the Indictment and in earlier notices. There has therefore been no prejudice to the defense. Excluding proof that Hwang's statements on the call were misleading would, however, cause irremediable prejudice to the Government, unjustifiably deprive the jury of proper evidence of Hwang's participation in the charged scheme, and mislead the jury as to the nature of this call.

The defendant claims that "[r]ebutting the prosecution's contention could require expert testimony analyzing how long it would take Archegos to meet margin calls given the various

market dynamics at play in 2021." (Defendant's Letter at 2). Even accepting for the purposes of argument that expert testimony could be relevant to this issue, the defendant's argument has no force. The defense has been on notice from the start of the Government's allegation that Hwang and his co-conspirators lied to the banks about "the composition of Archegos's portfolio." (Indictment ¶ 48). And the Government put the defendant on specific notice that it viewed statements made by Archegos's representatives on March 24 and 25, 2021, regarding Archegos's ability to make margin calls and its liquidity to be misleading not only in the Indictment but also in a letter dated August 18, 2022 that specifically noted Hwang's participation in formulating those falsehoods. (Dkt. 38 at 10-11). The defense has therefore had years to consider these issues with its experts, who will not testify until the conclusion of the Government's case in any event.

In a fallback attempt to preclude the Government from offering competent, relevant evidence and argument as to the inaccuracy of the statements made by Hwang, the defendant claims that a witness to the call, who was a target of the misleading statements, should not be permitted to provide "testimony about it . . . until the prosecution can establish that [the witness] had personal knowledge of Archegos's holdings on the evening of March 25, 2021." (Defendant's Letter at 2). There is no basis for this purported rule. The Government intends to offer a recording of the defendant's statements, which were received by this witness. The witness is therefore perfectly able to provide testimony regarding his understanding of the statements made by Hwang. In any event, the Government expects that the evidence will show that the witness did have a relevant understanding of Archegos's holdings.

In short, the Government has endeavored, even as it has prepared for trial, to provide prompt notice of the evidence it expects to offer at trial, and with respect to the March 25, 2021 call, the Government did provide prompt notice: upon learning that certain statements within the call were misleading, the Government disclosed that fact to the defendants. The Government is entitled to present this evidence at trial. The defendant's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _s/_____
   Matthew Podolsky
   Alexandra Rothman
   Samuel P. Rothschild
   Andrew Thomas
   Assistant United States Attorneys
   Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)