# Kramer Levin



**Barry H. Berke**
Partner
T 212.715.7560
F 212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

May 20, 2024

**BY ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>United States v. Sung Kook (Bill) Hwang, et al.</u>, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

    On behalf of defendant Bill Hwang, and in response to the Court's request this morning that we submit such a motion, we respectfully move to strike lines 698:16 to 699:5 of the May 16, 2024 trial testimony of prosecution witness Brian Jones.[1]  *See* Trial Tr. at 792:17-19 (May 20, 2024).  This portion of Mr. Jones' testimony relates to Mr. Hwang's actions with respect to the deferred compensation of Archegos employees following the fund's collapse.

    The Court observed this morning that testimony concerning Archegos's deferred compensation policy has little probative value because, although it "shows loss," it "does not show a criminal enterprise."  *Id.* at 789:19-25.  As the Court noted, "[l]ots of companies require a portion of deferred compensation to go into stock of the company, and it's tied up for a certain period of time.  And if the company has a debacle before the time, then the employees don't get their deferred compensation."  *Id.* at 788:24-789:3.

    The prosecution nevertheless contends that "the fact of deferred compensation . . . was used to ensure that [employees] would stay in line" and "directly goes to Mr. Hwang's knowledge and to the manner in which he operated the racketeering enterprise."  *Id.* at 789:5-13.  In response, the Court notified the prosecution that unless it can "tie it up in some better way than you have it now[,] . . . that testimony will be stricken."  *Id.* at 789:14-16.

    While we wait for the prosecution's attempt to lay a proper foundation for this testimony, the prosecution's redirect of Mr. Jones at 698:16 to 699:5 should be stricken now because it

---

[1] The relevant testimony is attached hereto as Exhibit A.

- 2 -

serves no purpose other than to groundlessly suggest that Mr. Hwang is a bad or selfish person. The prosecution elicited testimony that although "there was a discussion around Mr. Hwang being able to contribute [to the deferred compensation pool]," to "help the employees as part of that," and "to potentially fund that," "[h]e did not [do it]." *See* Trial Tr. at 699:1-5 (May 16, 2024). The only purpose in highlighting this testimony is to cast Mr. Hwang in an unfairly negative and pejorative light. And it ignores the question of whether Mr. Hwang could, legally or financially, contribute to the deferred compensation pool, the settlement of which involved multiple stakeholders—and which would unnecessarily delay this trial to explain. Because the probative value of this testimony is substantially outweighed by unfair prejudice, as well as the risk of delay, it should be stricken from the trial record. *See United States v. Curley*, 639 F.3d 50, 56-57 (2d Cir. 2011) (district court abused its discretion by admitting other act evidence where it "had little probative value regarding [the defendant]'s intent" and "its primary effect was to show [the defendant]'s bad character").

\* \* \*

For the foregoing reasons, Mr. Hwang respectfully requests that the Court strike lines 698:16 to 699:5 from the trial testimony.

Respectfully submitted,

*/s/ Barry H. Berke*

Barry H. Berke
Dani R. James
Jordan Estes
Michael Martinez

cc:   Counsel of record