

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<small>The Jacob K. Javits Building
26 Federal Plaza, 37th Floor
New York, New York 10007</small>

May 21, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Hwang and Halligan*,
     S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes to request that the Court reconsider this morning's ruling and permit witness Scott Becker to testify about an incident at an Archegos all-employees retreat where defendant Bill Hwang stated to the firm, in substance, that he desired to be the richest man in the world. Testimony that defendant Hwang announced an intent to become the richest person in the world is highly probative of motive and bears directly on the element of intent.

  The Second Circuit and other courts have repeatedly recognized that evidence of a defendant's wealth and desire for wealth is admissible as probative evidence of motive. *See, e.g.*, *United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (evidence of the defendant's substantial wealth and compensation—over $200 million in two years—properly admitted, including because it was "relevant to [the defendant's] motive to protect his reputation and that of [his company]") (collecting cases); *United States v. Logan*, 250 F.3d 350, 369 (6th Cir. 2001) (evidence of defendants' income "relevant to demonstrate that financial gain was the motive for the crime charged") (cited in *Quattrone*); *United States v. Weiss*, 914 F.2d 1514, 1523-24 (2d Cir. 1990) (evidence of defendant's wealth was not prejudicial when Government argued that it showed defendant's motive to commit Medicare fraud) (cited in *Quattrone*); *United States v. Bulgin*, 563 F. App'x 843, 846 (2d Cir. 2014) ("we have upheld a district court's decision to allow evidence of monetary gain when a defendant is on trial for a crime in which pecuniary gain is the usual motive" (internal quotation marks omitted)); *United States v. Peters*, 543 F. App'x 5, 10 (2d Cir. 2013) ("The record shows . . . that the district court appropriately limited the prosecution's references to the defendant's lifestyle, and that some evidence of the defendant's wealth was relevant to the question of motive."); *United States v. Ferguson*, No. 06 Cr. 137 (CFD), 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) ("[t]he evidence concerning Milton's deferred compensation plan is relevant to proving motive, because AIG's performance affected Milton's benefits under the plan"); *see also United States v. Milton*, No. 21 Cr. 478 (ER) (S.D.N.Y.), Sep. 8, 2022 Tr. at 47 (granting Government's motion to admit evidence of wealth and desire for wealth, such as a "plan to pump up [] stock so that [the defendant] will have access to money later that he

could use to buy nice things," on the ground that such evidence is "garden-variety proof in fraud cases" that is "very relevant to the motive of pecuniary gain").

      Here, evidence of defendant Hwang's announced desire to be the richest man in the world—a desire that the defendant expressed to members of the enterprise that the Government alleges the defendant corrupted to pursue his criminal aims—is part of the evidentiary answer to the question of why Hwang pursued the scheme he did given that he was already a billionaire. The Government respectfully requests that the Court permit Mr. Becker to offer such probative testimony to address the central issue of intent. Moreover, permitting the Government to elicit the testimony now would also be efficient and spare the Court and the jury the need for rebuttal testimony on motive. Given the defendant's repeated pre-trial arguments that Hwang had no motive to commit the charged crimes, as well as his argumentative questions in his opening to the jury (*see, e.g.*, Tr. 49-50 ("Why did Mr. Hwang leave all his money, over $30 billion — really nearly 36 billion — in these companies? . . . If it's a house of cards, why didn't Mr. Hwang take out $10 billion?")), it appears that Hwang will suggest to the jury that he lacked a motive. Because the defendant has not conceded motive and, indeed, disputes it, the Government need not wait until its rebuttal case to present this proof.

      Should the Court decide to preclude the Government from offering motive evidence, however, the Government would respectfully request that the Court correspondingly preclude the defense from advancing arguments—whether during cross-examination of Government witnesses, during a defense case, or during addresses to the jury—that suggest that there is no evidence of why defendant Hwang might have pursued the criminal acts with which he is charged in this case. To permit such defense arguments, while simultaneously precluding relevant evidence on those same topics, would create a substantial risk that the jury will be misled about Hwang's motives.

                                                        Respectfully submitted,

                                                          DAMIAN WILLIAMS
                                                          United States Attorney

                                    By:  s/_____
                                             Matthew Podolsky
                                             Alexandra Rothman
                                             Samuel P. Rothschild
                                             Andrew Thomas
                                             Assistant United States Attorneys
                                             Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)