# Kramer Levin



**Barry H. Berke**
Partner
**T** 212.715.7560
**F** 212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

May 29, 2024

**BY ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *United States v. Sung Kook (Bill) Hwang, et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      On behalf of defendant Bill Hwang, we respectfully move to preclude testimony by prosecution witness, Joseph Boccuzzi, regarding any concerns about Tiger Asia's regulatory resolutions. We understand that Mr. Boccuzzi is scheduled to testify later today.

      Mr. Boccuzzi was a Bank of Montreal ("BMO") credit officer who is expected to testify about his discussions with Scott Becker regarding Archegos's compliance policies, including a concern about Tiger Asia's prior regulatory resolutions. Critically, the prosecution does not allege that Mr. Becker, Mr. Hwang, or others at Archegos lied to Mr. Boccuzzi or others at BMO about what occurred at Tiger Asia. In fact, when the defense raised an objection to the introduction of Tiger Asia's regulatory resolutions in connection with Mr. Becker's testimony, the prosecution conceded, "I don't think what [Archegos] said about the SEC matter was a lie." Trial Tr. 923:11-14 (May 20, 2024). Nor did Mr. Becker testify about any Tiger Asia-related misrepresentations to BMO. Thus, any misstatement about Archegos's compliance policies does not implicate Tiger Asia's prior regulatory resolutions.

      As we argued to the Court last week, the prosecution can fully and effectively explore whether Archegos was honest with BMO about the nature of its compliance policies without ever mentioning Tiger Asia. *Id.* at 915:5-17. Because the prosecution can fully explore the alleged misrepresentations without reference to specific concerns about Tiger Asia's regulatory resolutions, and because introducing such Tiger Asia evidence would unfairly prejudice Mr. Hwang and open the door to a trial within a trial, evidence of Mr. Boccuzzi's concerns about Tiger Asia's regulatory resolutions and any details about the nature of those resolutions should be excluded under Rule 403. *See United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) (district court abused its discretion by admitting evidence of prior convictions as "propensity

evidence in sheep's clothing . . . with insufficient regard for the unfair prejudice that surely would result" when the prosecution had non-prejudicial evidence available to prove intent and knowledge) (citation omitted); *United States v. Aboumoussallem*, 726 F.2d 906, 912-13 (2d Cir. 1984) (affirming exclusion of similar act evidence where the "risk of unfair prejudice and jury confusion" and potential "trial within a trial" outweighed evidence that "did not have much probative force"); *United States v. Levy*, No. S5 11 Cr. 62 (PAC), 2013 WL 655251, at *1 (S.D.N.Y. Feb. 22, 2013) (precluding FTC judgment as direct evidence of defendant's "misrepresentations regarding the FTC judgment to business partners as part of the fraud charged" or "as background evidence of the charged conspiracy" because of the "substantial[] . . . danger of unfair prejudice, confusing the issues, and misleading the jury").

Testimony from Mr. Boccuzzi is also unnecessary because Mr. Becker already provided testimony regarding BMO's concerns with Tiger Asia's past regulatory problems. However, if Mr. Boccuzzi *is* permitted to testify about Tiger Asia (although he should not be), the Court should, consistent with its ruling on Mr. Becker's testimony, permit Mr. Boccuzzi to testify only that BMO raised concerns about Tiger Asia's regulatory resolutions, and preclude him from elaborating on Tiger Asia's specific regulatory issues or BMO's specific concerns, which are irrelevant. *See* Trial Tr. 967:20-23 (May 20, 2024) ("A. BMO said that their credit department was concerned with Tiger Asia's past regulatory problems. Q. Did they elaborate on what their concerns were? THE COURT: I don't think we need that.").

Lastly, to the extent the prosecution seeks to introduce any of the marked exhibits that reference Tiger Asia, those documents also pose an especially high risk of unfair prejudice and misleading the jury for the additional reason that they contain factual inaccuracies. For example, GX 1004A states, "In 2009 . . . charges were brought against the firm & Mr. Hwang in the U.S., Hong Kong, and Japan for insider trading & market manipulation. In 2012, Mr. Hwang pled guilty . . . ." GX 1004A at 2. But that is not true. Only Tiger Asia, as an entity, was charged criminally, and those charges (and the entity's subsequent guilty plea) concerned wire fraud on a theory of insider trading, not market manipulation. Mr. Hwang was never charged criminally at all. This, alone, warrants preclusion. *See United States v. Nachamie*, 101 F. Supp. 2d 134, 146 (S.D.N.Y. 2000) (precluding evidence where "the risk of prejudice to [the defendant] [wa]s so overwhelming" and "the probative value [was] so relatively small").

For the foregoing reasons, Mr. Hwang respectfully requests that the Court preclude any testimony by Mr. Boccuzzi regarding Tiger Asia's prior regulatory resolutions.

                            Respectfully submitted,

                            */s/ Barry H. Berke*

                            Barry H. Berke
                            Dani R. James
                            Jordan Estes
                            Michael Martinez

cc:      Counsel of record