

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<small><em>The Jacob K. Javits Building<br>
26 Federal Plaza, 37th Floor<br>
New York, New York 10278</em></small>

May 29, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang and Halligan*,
            S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes in opposition to defendant Bill Hwang's May 29, 2024 letter motion to preclude testimony of Joseph Boccuzzi, a credit/risk office at Bank of Montreal ("BMO"), regarding BMO's concerns about Tiger Asia's regulatory history. (Dkt. 204). As the defendant acknowledges (Dkt. 204 at 2), the Court has already ruled on this issue. Specifically, during the testimony of Scott Becker, the Court ruled as follows:

> Here's my ruling: Whatever statements were made to induce Bank of Montreal to become a counterparty are relevant. The history is not relevant. But if the history was expressed, it is relevant. Focus on what was said in the conversations in—when, in November, December [of 2020]— . . . [a]nd not on the history that brought us to that point. . . . [W]e are focusing on conversations that occurred. Include[ed] in those conversations is anything that Bank of Montreal brought up. . . . If Bank of Montreal brought it up and something was said to Bank of Montreal to allay their concern, it's []relevant. . . . Whatever they said is relevant. . . . Anything [BMO] want[ed] to know and how they're answered is clearly relevant.

(Tr. 914-16; *see also* May 6, 2024 Conf. Tr. 29-30 (pretrial conference discussion on this issue)).

      The defendant offers no persuasive reason for the Court to revisit that ruling. Just as it was appropriate for Mr. Becker to testify from his recollection of conversations that he had with Mr. Boccuzzi, so too is it proper for Mr. Boccuzzi to testify from his recollection of those same conversations. That is especially so now that the defendants have vigorously attacked Mr. Becker's credibility.

As to the defendant's argument about redacted exhibits (Dkt. 204 at 2), before the defendant filed his letter motion, the Government had furnished the defendants with a proposed redacted version of the very exhibit that the defendant mentions in his letter. That redacted version is attached hereto as Exhibit A.

For the foregoing reasons, the Government respectfully requests that the Court adhere to its prior ruling and deny the defendant's motion to preclude testimony of Mr. Boccuzzi about BMO's concerns about Tiger Asia's regulatory history.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _s/_____
    Matthew Podolsky
    Alexandra Rothman
    Samuel P. Rothschild
    Andrew Thomas
    Assistant United States Attorneys
    Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)