# Kramer Levin



**Barry H. Berke**
Partner
**T** 212.715.7560
**F** 212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

**June 4, 2024**

**BY ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>United States v. Sung Kook (Bill) Hwang, et al.</u>, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      On behalf of defendant Bill Hwang, we respectfully renew our motion to strike the testimony and accompanying exhibits of prosecution expert Dr. Carmen Taveras on the ground that they constitute improper causation evidence of stock-price movement.

      In a letter filed yesterday morning in response to the defense's request that the Court issue a limiting instruction regarding price impact, the prosecution insisted that "[a]t no point" in her testimony last week "did Dr. Taveras opine on causation," and assured the Court that another expert witness—not Dr. Taveras—would be called "to testify to causation."  ECF No. 212 at 1. Contrary to those representations, Dr. Taveras opined on causation yesterday.

      For example, Dr. Taveras likened Archegos's limit orders to "a magnet":

> THE COURT: But explain why the limit order affects the market price. Why does it **cause, in your words,** the market price to rise?
> THE WITNESS: It doesn't always work this way, but in the case of Archegos, what I see repeatedly, is that **they're such a big fraction of the market, that they're able to set a limit price and the market price shoots right up. It's like a magnet.** Like, they set it there. They have so much power. **They are such a large fraction of the market, that the market price just goes right up.**

Trial Tr. at 2152:15-24 (June 3, 2024).  Dr. Taveras also implied a causal relationship rather than an incidental correlation between Archegos's limit orders and stock price increases by testifying that she did not believe the pattern she viewed happened by chance:

> THE COURT: So you observed a coincidence of market prices and the upper limit prices; is that right?
> THE WITNESS: Yes.
> BY MS. ROTHMAN:
> **Q. Dr. Taveras, would you use the word coincidence to describe your findings?**
> MS. ESTES: Objection.
> THE COURT: Overruled.
> THE WITNESS: I see this pattern multiple times. If it were one or two charts, maybe it's a coincidence. I see this on multiple securities on many days. **And it is hard to say that it's a coincidence that on many of these securities, the closing price is exactly the limit price that Archegos sets.**
> MS. ESTES: Objection; move to strike.
> THE COURT: Overruled.

*Id.* at 2185:18-2186:8.

We moved to strike, arguing that Dr. Taveras could not give testimony of cause and effect "without an event study that took into account other factors like other buyers out there" and "news."  Trial Tr. at 2206-2209 (June 3, 2024).  In fact, Dr. Taveras admitted that she also had no information regarding the orders or limit prices of other buyers in the market.  *Id.* at 2306:23-2307:3.  The Court overruled our objection and denied our motion to strike, stating "that's her opinion" and directing the defense to "challenge that opinion on cross-examination." *See id.* at 2206-2209.

The Second Circuit's decision in *United States v. Ferguson*, 676 F.3d 260 (2d Cir. 2011), requires that Dr. Taveras's testimony regarding causation of stock-price movement be struck from the record.  The Second Circuit in *Ferguson* found that the district court abused its discretion by admitting stock-price charts suggesting that the defendants' conduct had "caused" certain stock-price moves, finding that the charts' admission was "without foundation" because there had been no expert testimony excluding "confounding factors" that contributed to the price moves.  *Id.* at 275 & n. 11.  Dr. Taveras has not conducted the necessary analysis to exclude confounding factors here, and her testimony and accompanying exhibits attributing stock-price movements to Archegos's trading must therefore be struck from the record under *Ferguson*.

At a minimum, as the defense raised at the close of yesterday's testimony, the Court must permit the defense to fully cross-examine Dr. Taveras using charts that she created—but did not present in her direct examination—that reflect other factors that impacted the stock price of the at-issue securities during the time focused on by Dr. Taveras.  These charts are necessary to impeach Dr. Taveras's testimony on direct, described above, in which she concluded without foundation that Archegos's limit orders caused the market price to move "like a magnet."  In addition, the defense had not previously objected to the charts at issue as suggested by the prosecution, but rather it was the prosecution's decision not to introduce those charts.

\* \* \*

For the foregoing reasons, Mr. Hwang respectfully requests that the Court strike Dr. Taveras's testimony and accompanying exhibits regarding causation of stock-price movement. At a minimum, the defense requests the opportunity to cross-examine Dr. Taveras by introducing her prior charts that show other factors that impacted the price of the at-issue securities.

Thank you for your consideration.

Respectfully submitted,

*/s/ Barry H. Berke*

Barry H. Berke
Dani R. James
Jordan Estes
Michael Martinez

cc:     Counsel of record