

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 4, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Hwang and Halligan*,
     **S1 22 Cr. 240 (AKH)**

Dear Judge Hellerstein:

  The Government respectfully writes in opposition to defendant Bill Hwang's latest letter motion (Dkt. 216) to strike the testimony and opinions of the Government's qualified expert, Dr. Carmen Taveras, "on the ground that they constitute improper causation evidence of stock-price movement" (Dkt. 216 at 1). As the testimony excerpted by the defendant in his letter makes clear, Dr. Taveras did not opine on causation; she merely described the facts and patterns that she observed, and the jury is entitled to make reasonable inferences from those facts and patterns. And the defendant's argument that Dr. Taveras is not permitted to opine on causation is incorrect in any event.

  *First*, the defendant argues that Dr. Taveras provided an opinion on causation. Specifically, the defendant points to Dr. Taveras's observations of the facts that Archegos had large market power, that prices repeatedly shifted to match Archegos's limit prices when placing large orders, and that this effect was repeated over time and therefore appeared to be a pattern rather than coincidence. None of these observations constitute testimony as to causation in the manner that the defendant claims, and all of these observations fall squarely within Dr. Taveras's expertise. The defendant is certainly entitled to cross-examine Dr. Taveras to point out any weaknesses or inconsistencies in her observations or otherwise to undermine these conclusions, but there is no basis to strike this testimony.

  *Second*, the defendant persists in arguing that the Second Circuit has required an event study to show causation. But this legal argument is simply wrong. Indeed, as the Government has observed in prior briefing, the opinion upon which the defendant relies, *United States v. Ferguson*, 676 F.3d 260 (2d Cir. 2011), does not use the term "event study" and sets forth no rule that an event study is the only form of analysis that can establish causation. In fact, the Second Circuit has rejected such a rule. *In re Petrobras Sec.*, 862 F.3d 250, 277-78 (2d Cir. 2017). Indeed, the Second Circuit has affirmed the admission of stock-drop materiality evidence presented even by lay

witnesses. *See, e.g.*, *United States v. Forbes*, 249 F. App'x 233, 236 (2d Cir. 2007) ("The District Court correctly ruled that references to the decline in . . . stock price or investor losses were probative on the issue of materiality and permissible under [Rule 403].").

*Third*, the defendant seeks reconsideration of the Court's ruling precluding the defendant from offering the very type of chart that the defendant had precluded the Government from using. Specifically, the defendant moved to preclude the Government from offering charts that included descriptive annotations. Having succeeded in that objection, the defendant now seeks to introduce the very same charts, but only the ones that he thinks are favorable to him, suggesting that "the defense had not previously objected to the charts at issue" (*i.e.*, the defense had not actually objected to the charts it liked, only to the same type of charts that included observations unfavorable to the defendant's arguments). But these charts are no more admissible when offered by the defendant, and were the defendant entitled to offer this type of chart, the Government would be entitled to do the same. Of course, the defense may, if it is able, establish other facts that it believes are relevant to the various timelines and use its own argumentative charts in its summation. But that does not mean that the defense may curate the evidence in this case and admit only charts favorable to the defense.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/_____
Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)