

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*



*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 14, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Hwang and Halligan*,
                 S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

    The Government writes in reply to the defendant Patrick Halligan's June 13, 2024 letter, regarding the Government's request to admit limited evidence concerning a March 16, 2021 phone call with Bank of America. (ECF No. 225).

    The Government's proposal to introduce evidence of a single phone call between Halligan, Scott Becker, and Bank of America is entirely consistent with the Federal Rules of Criminal Procedure, the Rules of Evidence, and this Court's directives about advance notice. The episode occurred within the period of the charged conspiracy (March 2021), relates to a misrepresentation of the type described in the Indictment (a misstatement about concentration), and directly responds to defense arguments advanced at trial (that Halligan was unaware that Becker told such lies). The Court should not prevent the jury from learning this relevant, admissible evidence simply because that evidence tends to disprove a defense argument—that Becker acted alone—and, indeed, fairness demands the jury receive the evidence in deciding the facts.

    Moreover, the defendant's claims of unfair surprise cannot be squared with the record. Though the Court has not ordered a Bill of Particulars, the Government has complied with the Court's instructions to provide defendants with advance notice of specific misrepresentations and to update them when necessary. Within hours of identifying the significance of the March 16, 2021 evidence, the Government alerted both the Court and the defendants. Halligan complains that the Government's prior disclosures did not include this misrepresentation to Bank of America, so the Government may not use the evidence. (ECF No. 225 at 2-3). But that is why the Government notified the defendants promptly upon identifying the evidence and seeks to amend its notices. The Government gave notice when it had notice to give. And now, in all likelihood, Halligan will have a week or more to prepare to cross-examine a witness on this narrow point. Accordingly, the Government's notice will assure the defendants have a fair opportunity to meet the evidence.

Finally, the defendant's argument that the admission of this evidence would violate the defendant's due process rights is entirely hollow. (ECF No. 225 at 1, 3). The defendant cites no legal authority on this point, and the Circuit has consistently held that defendants have no Due Process or other entitlement to a description of how the Government will prove charges at trial. In any event, the defendants have had abundant notice that the Government would offer evidence to show that Halligan was aware of misrepresentations that Becker made to counterparties regarding the portfolio's concentration.

For these reasons, and those set forth in the Government's June 13, 2024 letter, the Government should be permitted to introduce at trial evidence of the March 16, 2021 phone call with Bank of America. Fairness entitles the Government to continue to investigate the facts of this matter and to respond to factual assertions of the defense. This proof is no different.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By: s/_____
    Matthew Podolsky
    Alexandra Rothman
    Samuel P. Rothschild
    Andrew Thomas
    Assistant United States Attorneys
    Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)