

MARY E. MULLIGAN<br>
mmulligan@fklaw.com<br>
212.833.1123<br><br>
TIMOTHY M. HAGGERTY<br>
thaggerty@fklaw.com<br>
212.833.1251

June 24, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

   Re: *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

   On behalf of defendant Patrick Halligan, we seek an Order precluding the prosecution from introducing evidence of any supposed misstatements made before the 2020 to 2021 timeframe charged in the Indictment that the prosecution may seek to offer, during the direct testimony of Wells Fargo employee Benjamin Maisel.[1] Any probative value of evidence about events that occurred, if at all, years before the period covered by the indictment is far outweighed by the risks that it will mislead and confuse the jury and unfairly prejudice Mr. Halligan.

   Mr. Maisel is a credit officer from Wells Fargo. The government has never alleged any false statement was made to Wells Fargo during the period covered by the Indictment. Instead, it appears that the prosecution seeks to elicit his testimony regarding a May 2018 meeting that he claims to recall Messrs. Halligan and Becker attending, and where he claims to have heard a statement that the government asserts was false (Mr. Becker did not testify about any such meeting with Wells Fargo).

   In keeping with the Court's rulings throughout this trial, any testimony from a Wells Fargo employee concerning purported wrongdoing that occurred prior to 2020 should be excluded under Rules 401 and 403.

   The Court has consistently excluded testimony of events that occurred before the 2020 to 2021 period covered by the indictment. For example, during Mr. Tomita's cross-

---

[1] "Indictment" refers to the Superseding Indictment (ECF No. 134).

Friedman Kaplan Seiler Adelman & Robbins LLP   7 Times Square, New York, NY 10036-6516

Hon. Alvin K. Hellerstein  - 2 -  June 24, 2024

examination, the Court sustained an objection from the prosecution to questions concerning Archegos's trading in 2018 and 2019. Your Honor explained:

> I am not going to open up the period…I am trying to keep this very long trial focused on what is in issue and keeping out extraneous material.

June 18, 2024 Tr. at 3656:11-22. *See also* June 10, 2024 Tr. at 3035:21-3036:2 ("The experience with the Volkswagen stock [in 2008] will not be allowed. All these things, if they have any relevance, the relevance is limited, and *the opportunities for involvement in different activities in different time periods with different people and with different things happening are just opportunities to get involved in subject matter that is not relevant to this case and will confuse the issues in this case and cause prejudice to this case*.") (emphasis added); June 17, 2024 Tr. at 3369:2-4 ("You have to lay a foundation in terms of the time period relevant to this lawsuit…I won't allow it unless you lay a foundation inside the period that's in the indictment or shortly before the indictment….You might go back to 2019. Why don't you start in 2020.")

Evidence about Archegos's 2018 interactions with Wells Fargo is irrelevant, confusing, and unduly prejudicial. As noted, the prosecution has not identified any supposed misstatements made to Wells Fargo during the alleged conspiracy in 2020 and 2021. Indeed, any claimed relevance of this evidence is belied by the fact that the government chose not to elicit testimony from Mr. Becker about his 2018 interactions with Wells Fargo. Thus, this testimony would not in any way corroborate Mr. Becker's testimony. To the contrary, nowhere in the government's putative exhibits is there any statement that the concentration of Archegos's largest position was 35% of its capital, which is the figure that Mr. Becker claimed he was instructed to provide to counterparties "in all instances." May 20, 2024 Tr. at 907:1-19.

For these reasons, we request that the Court preclude the prosecution from introducing evidence regarding any alleged misstatement made to Wells Fargo before 2020.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Mary Mulligan*

Mary E. Mulligan

cc:  All Counsel (by ECF)