```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :    ORDER FOLLOWING
          -against-                                          :    CHARGING CONFERENCE
                                                             :
                                                             :    22 Cr. 240 (AKH)
SUNG KOOK (BILL) HWANG and                                   :
PATRICK HALLIGAN,                                            :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
```
ALVIN K. HELLERSTEIN, U.S.D.J.:

The parties are divided as to what constitutes an unlawful manipulation, and how it should be charged. The Government argues that an intent to manipulate and the creation of an artificial price suffices. Defendant Hwang argues that that must be the exclusive intention, and that he cannot be guilty of a manipulation if he also had the intent to amass a position for investment purposes.

The leading case is *United States v. Mulheren*, 938 F.2d 364 (2d Cir. 1991). The Court held that an ambiguous remark by one buyer of a stock to another was insufficient to prove an intent to manipulate a stock price. If, however, "chicanery" existed, and there were other "indicia of manipulation," the defendant could be found guilty. 938 at 372. The Court of Appeals cited *In re Delafield & Delafield*, [1967-69 Transfer Binder] Fed. Sec. L. Rep. (CCH) para. 77, 648 (SEC 1969), an SEC consent decree, where the holder of a large short position masked his sales by effecting them through two foreign banks.

In the case at bar, there is substantial proof that defendant Hwang gained the capacity to make his purchases by material misrepresentations to counterparties to support their extensions of margin credit, and to enter or continue in counter-party positions. The jury may find the

1

deception a "chicanery" that enabled defendant, through Archegos, to amass large positions in the stock at issue.

There follows the charge reflecting the appropriate proposition of law, to be inserted in the section defining Counts Three through Nine:

> The government must prove beyond a reasonable doubt that Mr. Hwang, intending to create an artificial market for the securities at issue, engaged in, or directed others to engage in, a series of transactions and swap agreements to create increasingly higher than natural prices for such securities, thereby artificially increasing the value of Archegos' holdings; or, in the case of transactions in short positions, to create artificially low prices for such securities to increase profits when it came time to close such short positions.
>
> However, there is an exception, and an exception to the exception.
>
> You should not consider Mr. Hwang guilty of manipulation if his purpose in buying the securities, or entering into the swap agreements, was to accumulate a position for long-term investment. Provided, however, and here is the exception to the exception, Mr. Hwang did not employ chicanery to accumulate his holding. Chicanery is another term for deceptive or misleading words or conduct intended to induce another to do something, or to refrain from doing something, that that person would not otherwise have done. So, if you find that Mr. Hwang gained capacity to buy and sell securities and swaps through chicanery, directly or through others, to induce counter-parties to extend margin loans or to enter or remain in counter-party arrangements, thereby creating Archegos' investment positions, you may find Mr. Hwang guilty of the crime charged.
>
> The government must prove each and every element beyond a reasonable doubt: that Mr. Hwang intended to manipulate market prices; that his intention was wrongful and willful; that an artificial market was created; and that the holdings thereby gained either were not for long-term investment or, if for long-term investment, that the position was not gained through chicanery.

SO ORDERE<u>D.</u>

Dated: July 2, 2024                                                   /s/ Alvin K. Hellerstein
New York, New York                                         ALVIN K. HELLERSTEIN
                                                                        United States District Judge