UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                                             :

UNITED STATES OF AMERICA

                                                                                             :    PRELIMINARY ORDER OF
                       - v. -                                                       FORFEITURE AS TO
                                                                                            :    SPECIFIC PROPERTY/

SUNG KOOK (BILL) HWANG,                   MONEY JUDGMENT

                                                                                            :

                    Defendant.                                    S1 22 Cr. 240 (AKH)

                                                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about January 18, 2024, SUNG KOOK (BILL) HWANG (the "Defendant"), and another, was charged in an eleven-count Indictment, S1 22 Cr. 240 (AKH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.l0b-5; and Title 18, United States Code, Section 2 (Counts Two and Ten); market manipulation, in violation of Title 15, United States Code, Sections 78i and 78ff, and Title 18, United States Code, Section 2 (Counts Three through Nine); and wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Eleven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963 (i) any interest acquired or maintained in violation of Section 1962; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, the enterprise named and described herein, which the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (iii) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Indictment, including but not limited to a

sum of money in the amount of the proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two through Eleven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Eleven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two through Eleven of the Indictment;

WHEREAS, on or about July 10, 2024, the Defendant was found guilty, following a jury trial, of Counts One through Six and Eight through Eleven of the Indictment;

WHEREAS, the Government asserts that $12,352,849,075.16 in United States currency that represents the proceeds traceable to the commission of the offenses charged in Counts One through Six and Eight through Eleven of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $12,352,849,075.16 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Six and Eight through Eleven of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the following property as (i) an interest acquired or maintained in violation of Section 1962; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, the enterprise named and described in Count

One of the Indictment, which the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; (iii) property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Indictment; and (iv) proceeds traceable to the commission of the offenses charged in Counts Two through Six and Eight through Eleven of the Indictment:

    a. Archegos Capital, LLC;

    b. Archegos Capital Management, LP;

    c. Archegos Fund LP;

    d. Archegos Capital Partners LLC;

    e. Archegos Fund LLC;

    f. Archegos FOF GP LLC; and

    g. Archegos Fund of Funds LP

(collectively, the "Specific Property");

    WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in in Counts One through Six and Eight through Eleven of the Indictment that the Defendant personally obtained, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

    WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Six and Eight through Eleven of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $12,352,849,075.16 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in in Counts One through Six and Eight through Eleven of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Six and Eight through Eleven of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, SUNG KOOK (BILL) HWANG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
November __, 2024

SO ORDERED:

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE