

Suite 500
1301 K St NW
Washington, DC 20005

**Robertson Park**
202.661.7022 tel
202.973.4499 fax
robertsonpark@dwt.com

October 24, 2024

**VIA ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

c/o     Matthew Podolsky
        Assistant United States Attorney
        United States Department of Justice

        RE:     *United States v. Hwang and Halligan*
                Case No. 1:22-cr-00240-AKH
                Victim Impact Statement and Proposed Restitution Calculation

Dear Judge Hellerstein:

        We are writing on behalf of our client, **Macquarie**, as a victim in the above-captioned case. We respectfully submit this letter as a victim impact statement, and to provide you with our view on how restitution for our client should be calculated.  We understand that several other financial institutions have submitted proposed restitution calculations to this Court.  We have shared our submission with Mr. Podolsky.

        As the Court is aware, this case is about interrelated, fraudulent schemes perpetrated by the defendants to (1) misrepresent the nature and risks associated with Mr. Hwang's Archegos investment portfolio (2) convince and defraud banks to do business with Archegos and extend credit to Archegos for their trades; and (3) unlawfully manipulate the price of publicly traded securities in Archegos's portfolio.[1] For its involvement as an institutional victim and for work performed that has not been paid by the defendants, our client Macquarie, seeks restitution, to which it is entitled, under The Mandatory Victims Restitution Act of 1996 ("MVRA").

---

[1] *See United States v. Sung Kook (Bill) Hwang and Halligan*, No. 1:22-cr-00240-AKH (S.D.N.Y. filed October 18, 2022).

## MACQUARIE IS ENTITLED TO RESTITUTION FOR FRAUD LOSSES INCURRED

Under the MVRA, restitution is mandatory for certain crimes, such as "an offense against property under this title ... including any offense committed by fraud or deceit."[2] A district court must order restitution where "an identifiable victim or victims has suffered a ... pecuniary loss."[3] Victim," as relevant here, is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."[4] And a restitution award need only to be a reasonable estimate of the victim's actual losses.[5]

As set forth in documents pertaining to this case, including the indictment[6] and Transcripts of the Proceedings as to Sung Kook (Bill) Hwang and Patrick Halligan,[7] Macquarie was one of the counterparties that provided loans to the defendants for leveraged positions in Archegos's portfolio, and is therefore a victim in this case.[8] Based on available data compiled, as a result of the market manipulation and fraud committed by the defendants, Macquarie incurred $35,558,531.06 (approximately 35.6 million USD) in fraud losses. Therefore, Macquarie is entitled to recover this pecuniary loss in restitution, under the MVRA.

|  | Gross Price | Net Price |
|---|---|---|
| Collateral Held | $194,109,521.00 | $194,109,521.00 |
| Initial Margin Requirement | -$2,514,865.73 | -$2,514,865.73 |
| MTM (includes VIAC div) | $1,285,249.00 | $1,285,249.00 |
| Froced Reset 16th | -$1,741,291.35 | -$1,741,291.35 |
| Settlement Amount 25th | $74,839,732.80 | $74,454,863.67 |
| Settlement Amount 26th | -$191,656,651.94 | -$192,618,633.97 |
| Settlement Amount 29th | -$109,880,224.84 | -$110,012,870.62 |
| Amount of Losses | -$35,558,531.06 | -$37,038,028.00 |

## MACQUARIE IS ENTITLED TO RESTITUTION FOR BROKER COMMISSIONS PAID

In addition to the losses directly suffered by Macquarie from the market manipulation and fraudulent trades, Macquarie is also entitled to receive restitution from the defendants and his co-conspirators in the amount of $1,479,496.94 (approximately 1.5 million USD) for the broker commissions that were paid by Macquarie during the period of the conspiracy.

As noted *supra*, the MVRA permits an award of restitution for losses to the victim directly related to the offense.[9] Pursuant to subsection (b)(1) of the MVRA, the Court may award

---

[2] *See* 18 U.S.C. § 3663A(c)(1)(A)(ii).
[3] *See* 18 U.S.C. § 3663A(c)(1)(B).
[4] *See* 18 U.S.C. § 3663A(a)(2).
[5] *See United States v. Germosen*, 139 F.3d 120, 129–30 (2d Cir. 1998); *United States v. Burdi*, 414 F.3d 216, 221 (1st Cir. 2005).
[6] *See United States v. Sung Kook (Bill) Hwang*, No. 1:22-cr-00240-AKH (S.D.N.Y. filed April 25, 2022).
[7] *See United States v. Sung Kook (Bill) Hwang*, No. 1:22-cr-00240-AKH (S.D.N.Y. filed October 18, 2022); *United States v. Sung Kook (Bill) Hwang*, No. 1:22-cr-00240-AKH (S.D.N.Y. filed January 12, 2024).
[8] *See United States v. Simmons*, 544 Fed. App'x 21 (2nd Cir. 2013).
[9] *See* 18 U.S.C. §3663A.

restitution, in the cases of an offense against property, in the amount of the victim's loss.[10]  The commissions Macquarie paid to brokers is an "offense against property" within the meaning of the MVRA, because it is an offense that was committed by fraud or deceit.[11]  The proper measure of "loss" is the value of the property wrongfully taken by the defendant.[12]  Further, defendants convicted of conspiracy may also be held liable for all losses that were reasonably foreseeable to the defendant and done in furtherance of the conspiracy.[13]  As presently enacted, the MVRA confers authority to order a participant in a conspiracy to pay restitution even on uncharged or acquitted counts.[14]

In this case, the additional sum wrongfully taken by the defendants, in furtherance of the conspiracy, amounts to approximately $1.5 million for broker commission paid.  From in or about 2020, up to and including in or about March 2021, the defendants used swap counterparties and prime brokers to facilitate their manipulative trading scheme.[15]  Absent the fraudulent scheme, broker commissions would not have been paid.  Thus, under the MVRA, Macquarie is also entitled to restitution for the expenditures on broker commissions.

## MACQUARIE IS ENTITLED TO RESTITUTION LOST TIME INCURRED BY AN EMPLOYEE FOR TRIAL PREPARATION

Macquarie is entitled to seek recompense for the time its employee Ben Sofoluwe was required to spend preparing for potential testimony.[16]  In order to prepare for trial, Mr. Sofoluwe, spent a total of 75 hours meeting and talking with his counsel and DOJ lawyers (30 hours), gathering and reviewing materials for said meetings (25 hours), and preparing for trial with his counsel and the DOJ (20 hours).  Mr. Sofoluwe's hourly wage is $96/hour, which thus amounts to $7,200 of time lost.  This cost, which was incurred in connection with witness and trial preparation, is also recoverable as restitution under the MVRA.[17]

## MACQUARIE IS ENTITLED TO RESTITUTION FOR RESPONDING TO DOJ AND COURT RELATED REQUESTS

Macquarie seeks to recover restitution for time and internal costs, in the amount of $115,992 for responding to DOJ and court related requests, as part of the DOJ investigation.  In addition to allowing for recovery for "property loss," the MVRA permits recovery for "lost income incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."[18]  In 1994, Congress enacted subsection (b)(4), which explicitly provides for the recovery of the cost of assisting the government's investigation into or

---

[10] *See* 18 U.S.C. §3663A(b)(1).
[11] *See* 18 U.S.C. § 3663A(c)(1)(A)(ii).  *See also United States v. Sensmeier*, 361 F.3d 982, 987–88 (7th Cir.2004).
[12] *See* 18 U.S.C. §§ 3663(b)(1)(B), 3663A(b)(1)(B).
[13] *See U.S. v. Smith*, 513 Fed. App'x 43, 45-46 (2nd Cir. 2013); *see also United States v. Boyd,* 222 F.3d 47 (2d Cir. 2000) (per curiam).
[14] *See United States v. Boyd*, 222 F.3d 47, 50–51 (2d Cir.2000).
[15] *See United States v. Sung Kook (Bill) Hwang*, No. 1:22-cr-00240-AKH (S.D.N.Y. filed April 25, 2022).
[16] See *U.S. v. Donaghy*, 570 F. Supp. 2d 411, 433-438 (awarding expenses for witness and trial preparation under the MVRA).
[17] *See id*.
[18] *See* 18 U.S.C. §§ 3663(b)(4).

prosecution of the offense.[19]  With respect to the MVRA, courts have taken a broad view of subsection (b)(4)'s scope.[20] Below are the costs incurred by Macquarie's internal legal department in responding to requests made by the DOJ.

| | |
|---|---|
| Paul Sirkis | $56,236 |
| Joanne Oleksyk | $41,859 |
| Pearl Huang | $17,897 |
| **TOTAL** | **$115,992** |

## MACQUARIE IS ENTITLED TO RECOVER LEGAL FESS INCURRED FOR REPRESENTATION OF ITS EMPLOYEES IN PREPARATION FOR TESTIMONY AT TRIAL

In this case, Macquarie also incurred fees from outside counsel in order to respond to the Government's investigation of the defendants and to prepare one current and one former employee for potential testimony at trial. As of October 24, 2024, these fees total $250,088.50.  Because these legal fees relate to the investigation of the defendants and the defendants' co-conspirators, Macquarie is entitled to recover them as restitution under the MVRA.

## CONCLUSION

Accordingly, Macquarie respectfully requests that the Government seek an order of restitution from the Court in the amount of $37, 411, 308.50.

Dated:  October 24, 2024                Respectfully submitted,

                                        *s/Robertson Park*

                                        Robertson Park (*pro hac vice*)
                                        Bar No. DC 372068
                                        Davis Wright Tremaine LLP
                                        1301 K Street, N.W.
                                        Washington, DC 20005
                                        Telephone: (202) 661-7022
                                        Fax: (202) 661-7059

                                        *Attorney for Victim Macquarie*

---

[19] *See id*.
[20] *See Donaghy*, 570 F. Supp. 2d at 430.