**GIBSON DUNN**

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

December 18, 2024

**BY ECF AND EMAIL**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Sung Kook (Bill) Hwang et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein,

We respectfully submit this letter in response to the prosecution's supplemental sentencing memorandum filed on December 10, 2024.

The prosecution argues that 18 U.S.C. § 3624(e) prevents this Court from imposing consecutive terms of supervised release. But the cases the prosecution cites involve challenges to consecutive terms by the *defendant*, oftentimes based on considerations of fairness. *See United States v. Fudge*, 592 F. App'x 86, 92 (3d Cir. 2014); *United States v. Refert*, 519 F.3d 752, 759 (8th Cir. 2008); *accord United States v. Sash*, 396 F.3d 515, 516 (2d Cir. 2005). However, defendants *can waive* challenges to the imposition of supervised release terms, even where those terms arguably exceed the parameters of § 3624(e). In fact, in upholding terms of supervised release that exceeded the statutory maximum for the counts of conviction, courts have squarely relied on the fact that the defendant affirmatively requested the supervised release terms imposed. *See, e.g.*, *United States v. Love*, 449 F.3d 1154, 1155–57 (11th Cir. 2006) (affirming five years' supervised release where the statute authorized one year); *United States v. Carpenter*, 803 F.3d 1224, 1236–37 (11th Cir. 2015) (affirming a lifetime of supervised release where defendant made strategic decision to request longer term of supervised release).

This makes good sense: Congress enacted § 3624(e) to avoid the unfair extension of supervision and prevent judicial overreach. Were multiple supervised release terms imposed by different courts to run consecutively, the result could be a supervision period far longer than originally contemplated—potentially creating unnecessary hardships for the offender. *See United States v. Ahmadzai*, 723 F.3d 1089, 1094 (9th Cir. 2013) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. It follows that a term of supervised release must

**GIBSON DUNN**

December 18, 2024
Page 2

be distinct from any period of incarceration designed to serve other punitive goals."). But there is no such concern here, where Mr. Hwang expressly consents to imposition of a prolonged period of supervised release.

Moreover, the statutory framework of 18 U.S.C. §§ 3583 and 3624 was not designed to deprive courts of their discretion to impose consecutive terms of supervised release when sentencing for multiple counts of conviction. Section 3583 establishes the maximum permissible terms of supervised release for individual offenses, but it does not expressly limit a court's authority to order those terms to run consecutively when addressing multiple offenses. And § 3624(e) governs the "Release of a Prisoner" and how terms of supervised release interact with other federal or state sentences *at the time of release*—a distinct stage of proceedings that arises after sentencing has occurred. Neither of these provisions curtail a court's authority to structure sentences, including the supervised release components, in a manner that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).[1]

We recognize that Mr. Hwang has been convicted of serious crimes and respect the Court's decision to impose a significant sentence. But with his dangerous ███████, only 11.5 years of any such sentence should be served in BOP-administered incarceration. Without citation to any medical authority, the prosecutors describe Mr. Hwang's ████████████████ as "routine," and claim there is no reason to believe that the BOP is incapable of treating the condition. *See* Dec. 17, 2024 Letter at 3. Not so. The BOP's abysmal healthcare record has been well-documented, and just last week, the Department of Justice's Office of the Inspector General issued a report outlining the "significant staffing shortages" and "serious issues" with the provision of healthcare to inmates at the Federal Medical Center at Devens. *See* https://oig.justice.gov/news/doj-oig-releases-inspection-bops-federal-medical-center-devens. And that's the level of care at a BOP facility designed to house inmates with serious health conditions. If a BOP Medical Center's ability to provide "adequate healthcare" is "compromised" and "inconsistent," the care available at non-medical facilities is undoubtedly even worse.

---

[1] Should the prosecution nevertheless continue to maintain that §§ 3583 and 3624 constrain the Court's prerogative to fashion a sentence "of the kind" it deems appropriate under § 3553(a)—even with the defense's consent—the prosecution could not complain were the Court to adopt a different approach that adhered to their circumscribed view of the statutory framework. There is no dispute that the Court can impose a sentence of 11.5 years' imprisonment followed by three years' supervised release with a special condition of home confinement, for a total sentence of 14.5 years. The key is not the label attached to specific portions of the sentence, but whether the sentence fulfills Section 3553(a)'s dictate for a sentence that is sufficient, but not greater than necessary.

**GIBSON DUNN**

December 18, 2024
Page 3

\*\*\*

For these reasons, we respectfully ask the Court to impose a sentence of 11.5 years' imprisonment and 6.5 years' supervised release with a special condition of home confinement or, in the alternative, 11.5 years' imprisonment and 3 years' supervised release and home confinement.

Respectfully submitted,

*/s/ Jordan Estes*

Barry H. Berke
Dani R. James
Michael Martinez
Jordan Estes

cc:    Counsel of Record (via ECF and email)