UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA : | **Order of Restitution** |
| v. : | |
| SUNG KOOK (BILL) HWANG, : | S1 22 Cr. 240 (AKH) |
| Defendant. : | |

---

Upon the application of the United States of America, by its attorney, Danielle R. Sassoon, United States Attorney for the Southern District of New York, Matthew Podolsky, Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One through Six and Counts Eight through Eleven of the S1 Indictment; the Court's findings at the sentencing hearings occurring on November 20, November 21, and December 19, 2024; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Sung Kook (Bill) Hwang, the defendant, shall pay restitution in the total amount of $9,411,820,092.44 pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, to the victims of the offenses charged in Counts One through Six and Counts Eight through Eleven. The names and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

A.     **Joint and Several Liability**

Restitution is not joint and several with other defendants or with others not named herein. Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant.

B.     **Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims in two phases, as follows:

Restitution shall first be paid to individual victims, up to the amounts identified in Part 1 of the Schedule of Victims, on a pro rata basis;

After the individual victims have fully recovered the amounts in Part 1 of the Schedule of Victims, restitution shall next be paid to the persons and entities identified in Part 2 of the Schedule of Victims, up to the amounts identified in Part 2, on a pro rata basis.

2.     **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule set forth below.

First, the defendant will use his best efforts to monetize the following categories of assets in the amounts and within the time periods specified as follows:

  a.   *Bank Accounts, Securities Accounts & IRA*. The defendant shall pay $2,000,000 within thirty days of the entry of judgment. The defendant shall not transfer, encumber,

or dissipate his interest in any remaining assets in this category, except to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

      b.    *Private Equity Investments*. As to the defendant's interest in distributions or return of principal from private equity investments, the defendant shall pay up to $8,000,000 within thirty days of his receipt of a distribution or his receipt of return of principal and shall use best efforts to obtain such distributions. The defendant shall not transfer, encumber, or dissipate his interest in any remaining assets in this category, except to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

      c.    *Real estate*.

      a.    The defendant shall not transfer, encumber, or dissipate his interest in 26 Trafalgar Road, Tenafly, NJ (the "Tenafly Property"), except to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

      b.    The defendant shall use best efforts to sell the properties at 1265 15th St., Unit 9D, Fort Lee, NJ; 1248 Seaview Drive, Fullerton, CA; and 134 Van Nostrand Ave, Englewood, CA. The defendant's interest in the proceeds of sale shall be due within thirty days of receipt. The existing tenancies in the Fullerton, CA and Englewood, CA properties may survive any sale.

      d.    *Vehicles*. The defendant shall use best efforts to sell the 2021 Jaguar F-Type and 2022 Ford Bronco. The defendant's interest in the proceeds of sale shall be due within thirty days of receipt.

    e. *Artwork*. The defendant shall use best efforts to sell the artwork referenced in paragraph 177 of the Presentence Report through private sale within ninety days of the entry of judgment, with the remainder to be sold by auction. The defendant's interest in the proceeds of sale shall be due within thirty days of receipt.

    f. *IRS – Year 2020 Refund*. The defendant's interest in any tax refund he receives for tax year 2020 shall be due within thirty days of receipt.

 As to any other category of asset, interest, or other property owned or controlled by the defendant, and not identified in paragraphs 2(a) through 2(f) above, the defendant may not encumber, transfer, or dissipate the value of such asset, interest, or property prior to time at which restitution is due and payable without prior notice to the Government and leave of the Court.

 Second, and irrespective of the defendant's progress in monetizing the assets described in paragraphs 2(a) through 2(f) above, fifty percent of the outstanding amount of restitution will be due and payable one year from the date of the filing of the judgment in this matter.

 Third, and irrespective of the defendant's progress in monetizing the assets described in paragraphs 2(a) through 2(f) above, the total amount of outstanding restitution will be due and payable upon the filing of the mandate from the U.S. Court of Appeals, or the U.S. Supreme Court, as the case may be, following consideration of any appeal.

 This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted, except that the Government may not enforce this Order in a manner that would require the defendant to sell the Tenafly Property prior to the conclusion of any appeal in this matter.

Pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611, the Court shall order any money belonging to and deposited by the defendant with the Clerk of Court for the purposes of a criminal appearance bail bond to be applied to the payment of restitution.

3.    **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

4.    **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The requirement for interest is waived, pursuant to 18 U.S.C. § 3612(f)(3)(A), provided that the defendant complies with the Schedule of Payments set forth in paragraphs 2(a) through 2(f) above.

5.    **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as

provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____      _____
HONORABLE ALVIN K. HELLERSTEIN              DATE
UNITED STATES DISTRICT JUDGE