# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

bjacobs@maglaw.com
212-856-9600

January 24, 2025

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

**BY ECF AND EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Sung Kook (Bill) Hwang et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

On behalf of defendant Bill Hwang, I write to address the proposed restitution order and amended schedule of victims submitted by the government on January 21, 2025, and revised on January 24, 2025. (Dkts. 383, 385).[1] Set forth below are Mr. Hwang's objections. Most significantly, the proposed restitution order states that, following the liquidation and payment of six agreed-upon categories of assets, 50% of the outstanding amount of restitution will be due one year after the entry of judgment and the remaining 50% will due upon the filing of a mandate from the U.S. Court of Appeals, or the U.S. Supreme Court. (Dkt. 385-1 at 4.) This paragraph flouts the statutory requirement that the Court consider Mr. Hwang's ability to pay when fashioning a restitution schedule, *see* 18 U.S.C. § 3664(f)(2), as well as the common practice in this District and elsewhere of ordering a defendant to make periodic payments following release from custody (often based on a percentage of gross monthly income). Accordingly, the Court should strike that paragraph of the proposed restitution ordering 50% lump sum payments (in the

---

[1] As noted on page 2 of the government's January 21 letter to the Court, Mr. Hwang renews and preserves all prior objections to the imposition of restitution, including but not limited to his objections to (1) the award of any restitution, (2) the specific amounts of restitution the Court found and may find in future proceedings, (3) the balance of restitution following the payments specified in in paragraphs 2(a) through 2(f) being due as 50% lump sum payments due (a) one year after the judgment is filed and (b) upon the Second Circuit's mandate, rather than pursuant to a payment schedule accounting for, among other things, Mr. Hwang's inability to pay, (4) the absence of joint and several liability, and (5) the Court's decision not to stay all restitution payments pending appeal.

billions) and replace that paragraph with a reasonable payment schedule that properly accounts for "the financial resources and other assets of the defendant." 18 U.S.C. § 3664(f)(2).

### I. Background

During Mr. Hwang's sentencing proceeding on December 19, 2024, this Court ordered Mr. Hwang to pay restitution in an amount to be determined to compensate two categories of victims: eight counterparty banks 

With respect to payment of restitution, the parties agreed to a payment schedule for six categories of assets totaling approximately $26 million. Over defense counsel's objection, the Court ruled that 50% of the remaining balance on the total restitution amount would be due within one year of the entry of judgment and the remaining 50% upon the resolution of any appeals. (12/19/24 Tr. 63:7-8.) The Court then ordered the parties to file a proposed restitution order reflecting the Court's rulings, due on January 9, 2025.

Consistent with the Court's order, on January 21, 2025, the government provided defense counsel and the Court with a proposed restitution order containing a total restitution amount of $9,411,820,092.44. The proposed order includes the agreed-upon liquidation and payment plan for the six categories of assets discussed on December 19.[3] 

---

[2] As in past submissions, references to information that this Court has deemed confidential are redacted. An unredacted version of this submission with be furnished to the Court and counsel of record.

[3] Those categories, set forth in paragraphs 2(a) through (f) of the proposed order, are: (1) bank accounts, securities accounts and IRA; (2) private equity investments; (3) real estate; (4) vehicles; (5) artwork; and (6) any tax refund Mr. Hwang receives for tax year 2020. (Dkt. 385-1 at 2-4.)



On January 24, 2024, the government filed revised versions of the proposed restitution order and amended schedule of victims. (Dkt. 385.) In the new documents, the government (1) corrected two errors in the schedule of victims, making the total restitution amount $9,408,841,410.05, and (2) at defense counsel's request, added the following bolded language to page 4 of the proposed order:

> As to any other category of asset, interest, or other property owned or controlled by the defendant, and not identified in paragraphs 2(a) through 2(f) above, the defendant may not encumber, transfer, or dissipate the value of such asset, interest, or property prior to time at which restitution is due and payable without prior notice to the Government and leave of the Court, **except to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with the other provisions of this Order**.

(Dkt. 385-1 at 4.)

## II.   Objections to the Proposed Restitution Order

In addition to the objections raised in Mr. Hwang's November 18, 2024, December 10, 2024, and December 16, 2024 submissions (Dkts. 343, 360, 366) and during the November 20 and 21, 2024 and December 19, 2024 sentencing proceedings, Mr. Hwang objects to the proposed restitution order because it fails adequately to take into account "the financial resources and other assets of the defendant," as it is required to do. 18 U.S.C. § 3664(f)(2); *see also United States v. Harris*, 302 F.3d 72, 76 (2d Cir. 2002) (vacating order that made restitution due in full at the end of defendant's supervision period with no consideration of his ability to pay). The order provides:

> [I]rrespective of the defendant's progress in monetizing the assets described in paragraphs 2(a) through 2(f) [of the proposed order], fifty percent of the outstanding amount of restitution will be due and payable one year from the date of the filing of the judgment in this matter[,] . . . [and] the total amount of outstanding restitution will be due and payable upon the filing of the mandate from the U.S. Court of Appeals, or the U.S. Supreme Court.

(Dkt. 385-1 at 4.) As this Court has recognized numerous times, the total restitution amount, which currently stands at over $9.4 billion, vastly exceeds the value of Mr. Hwang's interests in the assets listed in the Presentence Investigation Report. Mr. Hwang also lacks control over when certain categories of assets will be liquidated or made available to him. Thus, even if the Court were to consider the discrepancy between Mr. Hwang's assets and the total restitution amount in fashioning a restitution schedule, it would still be exceedingly difficult for Mr. Hwang to meet the benchmarks set forth in the proposed order. As a result, the Court should strike from the government's proposed order the entirety of the paragraph quoted above and instead order

3

that Mr. Hwang shall pay the remainder of the restitution due following his release from custody pursuant to a schedule that is based on a reasonable percentage of his gross monthly income. *See, e.g., United States v. Scott*, 391 F. App'x 92, 94 (2d Cir. 2010) (summary order) (affirming restitution payment schedule requiring defendant to pay 25% of his net disposable monthly income); *United States v. Cuti*, 2013 WL 1953741, at *1 (S.D.N.Y. May 13, 2013), *aff'd in part and vacated in part on other grounds* by 778 F.3d 82 (2d Cir. 2015) (ordering defendant to pay 15% of his gross monthly income beginning in the second month of his supervised release).

### III. Amended Schedule of Victims





\*   \*   \*

For these reasons, the Court should, at minimum, modify the schedule of restitution to account for Mr. Hwang's financial condition ███████████████ ███████.

Respectfully submitted,

/s/ Brian A. Jacobs
Brian A. Jacobs
Chloe Lewis

cc: Counsel of Record

6