

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

The Jacob K. Javits Building
26 Federal Plaza, 37th Floor
New York, New York 10278

March 24, 2025

**VIA ECF AND EMAIL**

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang & Halligan*,
               S1 22 Cr. 240 (AKH)

Dear Judge Moses:

      As directed by the Court's order dated March 14, 2025 (ECF Doc. 402), the Government respectfully submits this letter on behalf of all parties to address four issues concerning the appropriate restitution for Archegos Capital Management's former employees.

**Issue 1: The Government's Current Proposed Schedule of Employee Victims**

      The Government encloses, as Exhibit A, its current proposed schedule of employee victims and supporting computations. The file containing the proposed schedule has three tabs:

      Tab 1 includes the names of the persons the Government proposes to include in an order of restitution and the amount of restitution that should be ordered as to each individual.

      Tab 2 includes the fields, data, and formulas used to compute the losses in Tab 1. As illustrated by Tab 2, the Government calculated the losses by (i) summing the employee's mandatory and elective deferred compensation contributions prior to Archegos's collapse; (ii) excluding any "accretion" amounts that reflected paper gains but not contributions; (iii) deducting any amounts withdrawn from the deferred compensation program by the employee prior to Archegos's collapse; (iv) further deducting amounts paid by Archegos Capital Management to the employees in civil settlement for the lost deferred compensation and other claims; and (v) adding fees and expense where those values had been previously determined by Judge Hellerstein. The deferred compensation contribution and withdrawal figures derive from Archegos Capital Management's records, attached as Exhibit B (contributions)[1] and Exhibit C

---

[1] Counsel to Archegos has informed the Government that the "Holdings by Participants" tab of this record reflects contributions by Archegos employees as of April 12, 2021.

(withdrawals).[2] The settlement payment figures, which are attached as Exhibit D, derive from a table prepared by counsel to Archegos.

Tab 3 to Exhibit A contains the same information as Tab 2, but additionally includes values for individuals the Government has excluded from Tab 1 (discussed further below).

**Issue 2: The List of Excluded Employees**

The Government encloses, as Exhibit E, the list of loss-suffering individuals purposefully excluded from its proposed schedule of victims.

The Government has excluded Scott Becker, Patrick Halligan, and William Tomita because each has been convicted of participating in the criminal schemes. The Government has also excluded Dave Park and Austin Scholl because, in the Government's view, a preponderance of the evidence demonstrates that they are not victims but rather participants in the schemes that led to victim losses. The remaining individuals listed on Exhibit E have been excluded at the request of their respective counsel. The Government has been informed by counsel that, for example, some former employees do not wish to take funds that could go to other victims in greater need, others do not wish to involve themselves in these proceedings in any way, and others have withdrawn their claim or declined to file a claim because they are aware that the Government would oppose their eligibility if they did.

At present, the Government believes that Dave Park is the only individual who seeks restitution but whose claim the Government opposes.

**Issue 3: Determining the Victims**

In response to the Court's question about how to appropriately determine the victims in this matter, counsel to the Government and counsel to defendant Bill Hwang present their respective proposals below.

*The Government proposal:*

Any former employee who contributed to Archegos's deferred compensation program is entitled to restitution in the amount of those lost mandatory and elective contributions unless he or she knowingly participated in the criminal conduct that led to the losses.

To discern whether a person is eligible for restitution, the Court should determine the following issues:

---

[2] Counsel to Archegos has informed the Government that the amounts listed in the "Distribution Value Award CCY" represent the amounts distributed to Archegos's former employees from the deferred compensation plan through the date of the report, April 12, 2021, and that no further distributions were made after that date.

  (i)  Is the person a former Archegos employee?

  (ii)  Did the person contribute deferred compensation to the Archegos deferred compensation program?

  (iii)  Did the person lose outstanding deferred compensation following the March 2021 collapse of Archegos?

  (iv)  Did the person knowingly participate in any of the criminal offenses that caused the loss?

  Under this rubric, the Court can and should determine the class of eligible victims by a preponderance of the evidence based on the existing record without a hearing. Each potential victim's prior employment at Archegos and deferred compensation losses are facts that can be determined by resort to reliable records, including Exhibits B, C, and D, in addition to the submissions of individual victims.

  In the circumstance of Dave Park, who the Government contends is ineligible for restitution, the Government acknowledges that Park should be given an opportunity to present evidence to rebut the *prima facie* showing made by the Government's prior submissions and by the trial evidence. The Government respectfully proposes that Park be given a date by which to submit any evidence and, if he wishes, to testify in support of his claim.

  *Mr. Hwang's proposal:*

  The Court should set a date for a hearing, during which the government shall bring witnesses who can provide testimony and additional exhibits to explain and support its proposed schedule of victims, including testimony from (1) any former employee seeking restitution who did not submit a request prior to December 19, 2024 concerning the reason(s) for their delay in seeking restitution; (2) any former employee whom the government has, at any point, excluded from the victim list and who still wishes to be included in a final restitution order concerning the government's reason(s) for the exclusion; (3) witnesses who can testify concerning the government's decision to include Joshua Chuang and Felicity Tan in its proposed schedule of victims;[3] and (4) one or more government witnesses who personally assembled the materials the government is submitting in support of its proposed schedule of victims. The government shall notify defense counsel of any witness it intends to call no more than two weeks in advance of the proceeding. For any witness the government intends to call, the government should be required to produce, no more than two weeks in advance of the proceeding, (1) all prior statements made by the witness, including any relevant FD-302s; (2) any *Brady* or *Giglio* material pertaining to the

---

[3] Counsel for ███████████████ indicated that the government was at first "undecided" about whether they were "innocent" victims entitled to restitution or knowing participants who should be excluded from the restitution order.

witness; and (3) any other relevant material obtained in the course of the government's investigation into Archegos and Mr. Hwang.[4]

**Issue 4: Determining Victim Losses**

In response to the Court's question about how to appropriately determine the amount of victim losses in this matter, counsel to the Government and counsel to defendant Bill Hwang present their respective proposals below.

*The Government's proposal:*

The Court can and should determine the extent of employee victim losses by a preponderance of the evidence based on the existing record without a hearing.

The inputs to the Government's proposal, which are reflected in reliable documentary evidence and not seriously in dispute, comprise: (i) the identity of Archegos's former employees and (ii) the amounts of the employees' contributions, as set forth in Exhibit B; (iii) the amounts withdrawn by employees, if any, prior to collapse, as set forth in Exhibit C; (iv) the amounts paid to former employees in civil settlement, if any, as set forth in Exhibit D; and (v) the amounts of fees and costs as previously determined by Judge Hellerstein at a prior proceeding. (As an alternative, many of the individual losses could also be computed by relying on the submissions of the victims themselves, which have previously been transmitted to the Court.)

The Court should calculate the losses, as the Government has done in Exhibit A, by (i) summing the employee's mandatory and elective deferred compensation contributions prior to Archegos's collapse; (ii) excluding any "accretion" amounts that reflected paper gains within the deferred compensation portfolio but did not reflect out-of-pocket employee contributions; (iii) deducting any amounts withdrawn from the deferred compensation program by the employee prior to Archegos's collapse; (iv) further deducting amounts paid by Archegos to the employee in civil settlement for the lost deferred compensation and other claims; and (v) adding in compensable fees and costs found by Judge Hellerstein at a prior proceeding.

*Mr. Hwang's proposal:*

In addition to the evidence listed above, during the hearing, the government shall bring witnesses who can provide testimony and additional exhibits to explain and support its proposed restitution amounts. With respect to any former employees whose restitution amounts include compensation for elective contributions and/or bonuses awarded in 2016 that vested in January 2021, the government's evidence should include (1) testimony from those former employees concerning the reason(s) for their participation in the elective deferred compensation plan and/or decision not to withdraw funds that had vested; (2) testimony concerning the role any former senior executive, including Diana Pae and Brian Jones, played in inducing former employees to

---

[4] These proposals are without prejudice to Mr. Hwang's previously stated objection that the Sixth Amendment requires a jury to determine facts related to restitution.

participate in the elective deferred compensation plan and/or not to withdraw funds that had vested; and (3) for any employee whose restitution amount includes compensation for bonuses awarded in 2016 that vested in January 2021, evidence showing whether any amount was withdrawn.

### Position of Patrick Halligan

Counsel to Patrick Halligan has supplied the following response to the issues raised by the Court:

Mr. Halligan takes no position on the procedures by which the Court shall (i) determine which former Archegos employees are "victims" for purposes of restitution, and (ii) determine the amount of restitution, if any, owed to each "victim."

In connection with Mr. Halligan's sentencing, we maintained that former Archegos employees (and Archegos's counterparties) were not "victims" as defined by the Mandatory Victims Restitution Act ("MVRA") (18 U.S.C. § 3663A(a)(2)), because they did not suffer losses that were directly and proximately caused by the offense conduct, and because any losses that they suffered were not foreseeable to Mr. Halligan. Judge Hellerstein rejected our arguments. *See* 1/27/2025 Tr. at 22.[5]

As the Court may be aware, Mr. Halligan and the Government have negotiated a proposed restitution order in the amount of $2,085,000, which takes into Mr. Halligan's relative culpability along with his financial and family circumstances.[6] A draft of the proposed order is attached hereto as Exhibit F. This draft order incorporates the payment schedule recommended by the Probation Department in the Presentence Investigation Report (at page 77), which taking into consideration of the factors in 18 U.S.C. § 3664(f)(2) – including "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents" – requires monthly payments in an amount equal to 15 percent (15%) of Mr. Halligan's gross income, with payments commencing upon his release from prison.

In light of these prior proceedings, and while preserving and not waiving our position that former Archegos employees are not "victims" under the MVRA, Mr. Halligan takes no position on the appropriate procedure to determine which former Archegos employees are entitled to restitution, and how much. At the joint sentencing hearing currently scheduled on July 22 before

---

[5] "[COUNSEL:] . . . we note our objection that the victims do not fall into the definitions under the MVRA or the guidelines, because the losses were not intended and were not foreseeable. THE COURT: I've overruled that objection made by Mr. Hwang, and I overrule it here."

[6] Mr. Halligan's financial and family circumstances are discussed in his sentencing memorandum. Given the nature of these matters, the unredacted memorandum has been filed under seal and can be provided at the Court's request.

Judge Hellerstein, we intend to seek the entry of the proposed restitution order as agreed to with the Government and discussed above.

Finally, we respectfully request that, if possible, any hearing before the Court be scheduled (i) other than on April 14 to 22 if possible, in light of Ms. Mulligan's previously scheduled travel plans to visit her mother, 92, who is homebound in Lake Village, Arkansas and is otherwise in declining health and (ii) not between May 5 and May 28, due to a previously scheduled and paid for vacation out of the country.

## Conclusion

As ordered by the Court, the parties will appear on March 27, 2025 to discuss these matters.

The Government has redacted from the publicly filed version of this letter the names of individual victims consistent with Judge Hellerstein's past directives. Additionally, because Exhibits A through E include victim identifying information, the Government respectfully requests that the Court receive and maintain those exhibits under seal.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-2580/-2504/-2106

Cc: Counsel of Record (via ECF and email)