UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

SUNG KOOK (BILL) HWANG and
PATRICK HALLIGAN,

    Defendants.

22-CR-240 (AKH) (BCM)

**SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

For the reasons discussed on the record during the April 7, 2024 status and scheduling conference:

    **1.**    **Phase I**

The Court will hold a "Phase I" hearing on **May 9, 2025 at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, regarding the first question referred to me by the district judge: "which former Archegos employees are 'victims' for purposes of restitution under 18 U.S.C. § 3663(A)(a)(2)." (*See* Dkt 401.) In their joint letter dated March 24, 2025 (Joint Ltr.) (Dkt. 403), the parties sketched out their positions concerning (a) the factual issues that require resolution at Phase I, and (b) the evidence properly considered in resolving those issues. No later than **April 18, 2025**, the parties must simultaneously submit briefs supporting their respective positions, including appropriate legal and record citations. Without otherwise limiting the scope of those briefs, the Court requests that the parties address the following issues:

    a.    *The Existing Record*. The Court notes the Government's position that the necessary evidence is contained in the "existing record." Joint Ltr. at 3. In its brief, the Government must outline that evidence and attach the relevant portions of the record.[1]

---

[1] If a submission contains voluminous attachments, the submitting party must promptly deliver paper courtesy copies to chambers, neatly tabbed. All attachments must be legible.

b. *Coercion*. The Court notes the Government's position – discussed during the April 7 conference – that it is irrelevant to Phase I whether any given former Archegos employee's elective deferred compensation investment was the product of coercion or compulsion. *See also* Joint Letter at 3 (omitting this issue from the list of issues to be determined). Nonetheless, if and to the extent the Government believes this question can be resolved (as to at least some of the proposed victims) on the basis of the existing record, it must outline that evidence and attach the relevant portions of the record. Additionally, the Government shall state whether, in the event the Court disagrees with its view of relevance, it will be prepared to present new evidence (*e.g.*, affidavits or live testimony from the proposed victims who made elective deferred compensation investments) on the question of whether those elections were coerced or compelled.

c. *Employee Testimony Sought by Defendant Hwang*. The Court notes defendant Hwang's position that the government cannot satisfy its burden of proof at Phase I without presenting testimony from at least some former Archegos employees as to at least some issues. Joint Ltr. at 3, 4-5. In his brief, Mr. Hwang must identify, by name, each former employee whose testimony he believes to be necessary, and, for each such employee, the issues as to which he believes new evidence (and/or an opportunity for cross-examination) is required for purposes of the Phase I hearing.[2]

d. *Dave Park*. Mr. Park may (but is not required to) submit his own brief, no later than **April 18, 2025**, supporting his claim that he too is a victim for purposes of restitution under 18

---

[2] For the reasons discussed during the April 7 conference, this Court does not believe that testimony concerning the reason(s) for an individual employee's delay in seeking restitution is relevant to any Phase I issue. Nor does this Court believe that any proposed victim could testify competently as to why the Government at one point excluded that individual from the victim list or was "undecided" about including that individual. For the sake of completeness, however, defendant Hwang shall identify all issues as to which he believes new evidence is required.

U.S.C. § 3663(A)(a)(2). If Mr. Park submits a brief, he must outline any record evidence upon which he relies, and attach the relevant portions of the record. Additionally, Mr. Park must state whether he wishes to testify at the Phase I hearing.

2. **Phase II**

The Court will hold a "Phase II" hearing on **May 21, 2025 at 2:00 p.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, regarding the second question referred to me by the district judge: "how much restitution each [victim] is entitled to." (Dkt. 401.) If the Court requires any additional briefing as to Phase II, it will advise the parties in advance of that hearing.

3. **Filing Under Seal**.

The government is directed to deliver a complete copy of Exhibits A-E to the March 24, 2025 joint letter to chambers, on a flash drive or similar device, to be maintained under seal.

Dated: New York, New York
      April 8, 2025                           SO ORDERED.

_____
**BARBARA MOSES**
United States Magistrate Judge