

1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619
f: 212.202.4858
www.hdrbb.com

Hackensack Office
433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

May 8, 2025

**VIA EMAIL**

Hon. Barbara Moses
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang, et al.*
             **Criminal No. 22-240 (AKH)**

Dear Judge Moses:

      This firm is counsel to multiple former employees of Archegos Capital Management ("ACM") who have submitted claims for restitution in this matter, including Mr. Dave Park and the two additional ACM executives [the "Two Executives"] referenced in the Court's May 7, 2025 Order with respect to whom the Court has "conclude[d] it is 'plausible' ... were knowing participants in the criminal conduct," based upon the government's previous indecision as to whether they were knowing participants or not. *See* Order at 2. Presently, these Two Executives intend to be in Court tomorrow to testify if such testimony proves necessary (see discussion below). With respect to the issue of "coercion," the government has deferred to me the decision whether to present additional evidence on behalf of the former ACM employees represented by this firm whose status as innocent victims is not at issue. Therefore, I respectfully request <u>until next Thursday, May 15, 2025</u>, as alluded to in footnote 3 of the Court's Order, to submit affidavits creating a factual record regarding "coercion" that might be considered by the district court in the event it reconsiders Your Honor's conclusion that proof of coercion is not required.[1]

      As I understand the Court's May 7, 2025 Order, the Court has determined – with respect to the Two Executives that the government's mental processes – which are privileged and will never be known – are sufficient to impose on the Two Executives the government's burden of proving that they were not knowingly involved in the charged criminal conduct. Footnote 2 of the Court's Order recognizes that where the burden of persuasion requires a party to prove a negative, "the Court may appropriately look to the defendant" to assume the burden of production. *See* Order at 2 n.2 (citing *United States v. Archer*, 671 F.3d 149, 172 (2d Cir. 2011).). There is no reason this same construct should not apply to the Two Executives, with respect to whom there is no evidence of criminal conduct:

---

[1] I had previously asked the government whether it required additional information from my clients in that regard but the government's position was (and remains) that such evidence is not required. With short notice, I cannot get those affidavits drafted and executed before tomorrow's hearing date, I do not have sufficient time to prepare all of those clients to testify in person, and not all of the clients are available to appear in person tomorrow.

Hon. Barbara Moses
May 8, 2025
Page 2

    1)    The government takes the position that the Two Executives are innocent victims and does not point to, or seek to introduce, any evidence that they were knowing participants in the charged criminal conduct;

    2)    Defendants deny that any crime was committed at all and, do not point to any evidence that the Two Executives were knowing participants with Defendants in in criminal conduct which Defendants, in any event, deny; and

    3)    Neither the government nor Defendant points to *any* evidence in the trial record implicating the Two Executives with any knowing involvement in criminal conduct.

Under these circumstances, the Two Executives are no different from any other former ACM employee who participated in the ACM Deferred Compensation Plan.

Here, there is no record evidence of guilt – at all – before the Court from which it is plausible to infer the Two Executives' knowing involvement in the charged criminal conduct. Even in *Archer, supra*, from which the Court derives the "plausibility" standard, there was *actual record evidence* before the Court from which the Court could infer that the alleged victims had not been defrauded but, rather, knew that they were involved in criminal conduct. *Id.* at 172 ("the record reflects that in several instances, applicants did in fact know that their papers contained falsehoods"). And, as reflected in counsel's prior restitution submission on behalf of Mr. Park, in other cases in which a victim's status as an innocent victim was at issue, there also was actual evidence presented (indeed, previous *adjudications*) of knowing involvement in the charged criminal conduct, not simply the government's beliefs or thoughts. *See United States v. Reifler*, 446 F.3d 65 (2d Cir. 2006) (holding individuals properly excluded from restitution where they "had been tried and convicted alongside the defendant for the same offense"); *Scanlon v. Greenberg Traurig*, 778 F. Supp.2d 56 (D.D.C. 2011) (distinguishing *Reifler* on the basis that individual's involvement was premised upon "*previously adjudicated* facts") (emphasis in original) (*also distinguishing United States v. Martinez*, 978 F. Supp. 1442 (D.N.M. 1997) (refusing to order restitution to Indian casino that "had been deemed illegal through extensive litigation independent of the *Martinez* case"); *In re Wellcare Health Plans, Inc.* 754 F.3d 1234, 1239 (11th Cir. 2014) (holding that Wellcare – which actually was charged in a federal criminal information with conspiracy to commit healthcare fraud and then entered into a deferred prosecution agreement – was not a victim entitled to restitution because it was "an admitted perpetrator of the scheme to defraud the government"); *cf. United States v. Lazarenko*, 624 F.3d 1247, 1252 (9th Cir. 2010) (holding that individual actually named "as the primary co-conspirator *in the indictment*" was not entitled to restitution where the evidence showed that he "knowingly participated in the conspiracy" and "profited greatly from the overall criminal enterprise").

This is not a country in which the government's thought processes are evidence, even in the context of a restitution hearing. That is, what the government "used to think" about the Two Executives is not evidence at all, much less plausible evidence sufficient to impose upon them the

Hon. Barbara Moses
May 8, 2025
Page 3

burden of proving they are not guilty, and cannot possibly be sufficient to remove the Two Executives from the Court's correct determination that Defendants bear the burden of production of evidence of guilt (something more than allusions to the government's thoughts) when, as here, the Two Executives would otherwise be forced to prove the negative.

The Two Executives have not been charged with any offense, they insist they were not knowingly involved in the charged criminal conduct and, in that regard, they are entitled to a presumption of innocence. No party has presented any evidence to this Court that they are guilty of anything. Therefore, the Court should not impose upon the Two Executives any burden of producing evidence of their own innocence.

Counsel requests the opportunity to be heard on this issue prior to presenting testimony at tomorrow's hearing. Thank you for the Court's consideration of this submission, including counsel's request for additional time to create a record with respect to the issue of "coercion."

Respectfully submitted,

Mark A. Berman, Esq.

cc: All Counsel of Record (via ECF)