UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                                              :    **OPINION AND ORDER**
                                                              :    **ADOPTING REPORT AND**
         -against-                                            :    **RECOMMENDATION**
                                                              :
                                                              :
SUNG KOOK (BILL) HWANG and                                    :    22 Cr. 240 (AKH) (BCM)
PATRICK HALLIGAN,                                             :
                                                              :
                                   Defendants.                :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On March 12, 2025, I referred to United States Magistrate Judge Barbara Moses "the

determination of which former Archegos employees are 'victims' for purposes of restitution

under 18 U.S.C. § 3663A(a)(2), and how much restitution each is entitled to," for her Report and

Recommendation pursuant to 18 U.S.C. § 3664(d)(6). ECF No. 401. After reviewing the Report

and Recommendation *de novo*, I adopt it in its entirety, and I overrule Hwang and Halligan's

objections to the Report. *See* Fed. R. Crim. P. 59(b)(2)-(3).

Hwang and Halligan were previously convicted at trial for carrying out one of the largest

market manipulation schemes in U.S. history, causing losses exceeding $9 billion to counterparty

banks, and contributing to the failure of one major bank. I previously ascertained these losses to

counterparties to a sum certain--$9,376,525,023.18—and they are not at issue here. *See* ECF No.

373-1. In addition to the losses sustained by counterparty banks, five former Archegos

employees requested restitution awards under the Mandatory Victims Restitution Act

("MVRA"), 18 U.S.C. § 3663A, *et seq.* I granted these requests, finding that they had been

coerced into contributing their deferred compensation, and that Archegos had used that money as

capital to engage in its unlawful manipulations.

Shortly thereafter, 39 former Archegos employees also sought restitution. Hwang objected. *See* ECF No. 388. And Dave Park, a former Archegos employee whom the Government had excluded from gaining restitution, filed a letter objecting to his exclusion. ECF No. 389. I referred these issues of restitution to Judge Moses.

I concur with Judge Moses' recommendation that an individual need not prove that his pecuniary losses stemmed from coercion in order to be deemed a "victim" under the MVRA. In other words, the former Archegos employees do not need to show that their deferred compensation investments stemmed, in whole or in part, from pressure exerted by Defendants, or others acting at their direction.

The MVRA imposes a proximate cause requirement as a prerequisite to victim status for restitution purposes. *See* 18 U.S.C. § 3663A(a)(2); *Robers v. United States*, 572 U.S. 639, 645 (2014). And though proximate cause "is a flexible concept that defies easy summary," *United States v. Calderon*, 944 F.3d 72, 95 (2d Cir. 2019), the inquiry asks whether "the harm to victims was foreseeable to" Defendants "in the course of committing the offense of conviction." *United States v. Goodrich*, 12 F.4th 219, 223 (2d Cir. 2021). Proximate cause can be found even without coercion, for a defendant reasonably can foresee that his criminal conduct could cause a victim's loss, even if the victim voluntarily entrusted his funds to the defendant.

The "new" batch of victims have shown that they gave their money to Hwang to invest, but not for criminal purposes that caused the loss of their money. It was foreseeable to Defendants that their market manipulation likely would cause Archegos to lose all of its assets, including the deferred compensation contributed by its employees. The fact that the employee-victims gave their money voluntarily does not negate their entitlement to restitution under the MVRA. Tort law concepts, such as contributory negligence, while perhaps relevant in a civil

2

suit, are irrelevant in the restitution context and do not preclude a victim's recovery under the MVRA. *See United States v. Sullivan*, 118 F.4th 170, 228 n.36 (2d Cir. 2024); *United States v. Zafar*, 291 F. App'x 425, 429 (2d Cir. 2008).

Defendants' objections to Judge Moses' recommendation that proof of coercion is not required to be eligible for restitution are not meritorious. Defendants cite to the Second Circuit's decision in *United States v. Seabrook*, 968 F.3d 224 (2d Cir. 2020), but this case is distinguishable. In *Seabrook*, a co-defendant to a bribery charge to obtain union funds pleaded guilty to a different bribery charge relating to a different transaction. *Id.* at 227-28. The Court of Appeals held that proximate cause had to relate to the particular crime of which the defendant was found guilty, not the bribery charge causing the loss of union funds. *Id.* at 236-37. But in this case, unlike *Seabrook*, the conduct in the charged market manipulation scheme directly injured Archegos' former employees, whose deferred compensation investments were foreseeably lost alongside the funds of the counterparty banks when Archegos imploded.

I also agree with Judge Moses' recommendation that Dave Park, and the former Archegos executives who are identified as Executive-1 and Executive-2, should be considered "victims" under the MVRA, and they are thus entitled to restitution in the full amount of their losses.[1] It is a "well-established rule that co-conspirators, who, by definition, know of the scheme, are not victims and may not receive restitution." *United States v. Archer*, 671 F.3d 149, 171 (2d Cir. 2011); *see also United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006) (reversing restitution order that had "the effect of treating coconspirators as 'victims'"). But neither Park, nor Executive-1, nor Executive-2, fall into that framework.

---

[1] The names and identities of Executive-1 and Executive-2 are known to the Court, and are under seal.

As to Park, he testified that he did not falsify any information, played no role in trading or communicating with counterparties, and had no knowledge of Defendants' scheme. Judge Moses found his testimony credible, and I agree. The fact that Park sent an email to a junior analyst, consistent with Park's normal work responsibilities, asking the junior analyst to "justify" Hwang's price target for a specific stock does not prove that he knew of Defendants' criminal conduct. His posting of a celebratory emoji to news of Archegos' profitability does not make him a co-conspirator of Defendants' scheme.

As to Executive-1 and Executive-2, they both testified that they did not falsify any information, played no role in Archegos' trading, and did not communicate with counterparties. Judge Moses found their testimony to be credible, and I agree; they did not knowingly participate, and were not involved, in Defendants' scheme. Thus, I find that Executive-1, Executive-2, and Park are "victims" under the MVRA, and are entitled to an award of restitution.

Hwang objects to Judge Moses' judicial factfinding, and argues that a jury must find the facts supporting restitution. Dissents by Justice Gorsuch to two denials of certiorari by the Supreme Court support this proposition, but it is not the law. *See Rimlawi v. United States*, 145 S. Ct. 518, 518-19 (2025) (Gorsuch, J., dissenting); *Hester v. United States*, 586 U.S. 1104, 1106-07 (2019) (Gorsuch, J., dissenting). I deny Hwang's objection. As Hwang concedes, the Second Circuit does not require a jury to determine restitution awards. *See United States v. Reifler*, 446 F.3d 65, 118 (2d Cir. 2006).

I also adopt Judge Moses' recommendation as to the award of legal fees to Jesse Martz, a former Archegos employee who testified at trial, for expenses he incurred in connection with the assistance he provided to the Government in its criminal investigation and prosecution of this

case. *See United States v. Afriyie*, 27 F.4th 161, 163 (2d Cir. 2022). He should be treated similarly to other former Archegos employees who received such awards.

Halligan objects to Judge Moses' Report and Recommendation, averring that he did not proximately cause the former employees' deferred compensation losses. He argues that he did not execute trading decisions at Archegos, nor did he stand to profit to the same extent that Hwang did. But Halligan played an important role in obtaining margin loans from counterparties and in the misrepresentations made to these counterparties, and was convicted by the jury of three of the 11 counts of the Superseding Indictment: Racketeering Conspiracy, Wire Fraud, and Securities Fraud. His efforts to distance himself from the scheme are unavailing since the MVRA allows "the sentencing court to order a single defendant to pay restitution for all losses caused by the actions of that defendant *as well as by the actions of that defendant's co-conspirators*." *United States v. Boyd*, 222 F.3d 47, 50 (2d Cir. 2000) (emphasis added).

At the January 27, 2025 sentencing hearing, I rejected the Government and Halligan's joint proposal to cap Halligan's restitution obligation at the amount of income he derived from his employment at Archegos, since restitution, as opposed to forfeiture, must account for the victims' losses, as opposed to the defendant's profit from the crime. *See United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012). Upon further consideration, and having heard all of the evidence at trial, I find that his culpability is considerably less than that of Hwang.

A "hybrid approach" to restitution is applicable where "multiple defendants are involved in a common scheme, but where one lead defendant is responsible for the total loss." *United States v. Yalincak*, 30 F.4th 115, 126 (2d Cir. 2022). Under such an approach, "the district court apportions liability to [the lead defendant's] co-defendants according to their own contributions to the loss." *Id.* Accordingly, Halligan's joint and several liability would be capped at one-third

of the total amount of restitution owed to Defendants' victims, reflecting Halligan's lower level of culpability as compared to Hwang. *See* 18 U.S.C. § 3664(f)(1)(A) (requiring the court to "order restitution to each victim in the full amount of each victim's losses as determined by the court").

Accordingly, I adopt Judge Moses' report and recommendation in its entirety, including the "Recommended Restitution" chart contained in Appendix II of her Report and Recommendation.

SO ORDERED.

Dated:     July 2, 2025
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge