*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 15, 2025

**VIA ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Hwang & Halligan*,**
             **S1 22 Cr. 240 (AKH)**

Dear Judge Hellerstein:

      The Government respectfully writes in response to the Court's July 2, 2025 order, ECF Doc. 443, inviting submissions on (1) the timing and procedures for liquidating defense assets; (2) the establishment of an escrow account controlled by the Government; and (3) the remission by the defendants of 15% of monthly gross income to an escrow account.

      The Government has repeatedly conferred with counsel to defendant Bill Hwang and counsel to defendant Patrick Halligan to minimize the remaining areas of disagreement and to provide the Court with reasonable, near-final proposed restitution orders. Mindful of the Court's prior rulings, the parties have reached substantial agreement on the timing of the disposal of the assets and the Government has endeavored to incorporate those areas of agreement into proposed restitution orders. The Government's proposed order with respect to defendant Hwang is enclosed as Exhibit A and the Government's proposed order with respect to defendant Halligan is enclosed as Exhibit B. The Government will also supply the Court with a proposed Schedule of Victims under seal.

      The parties' principal remaining disagreement concerns the timing of distributions to the victims. The Government's position is that distributions to the victims should begin immediately once they are received and, as previously determined by the Court, should be made (a) to individual victims in the amounts of their losses on a *pro rata* basis and then (b) to financial institution victims in the amounts of their losses and individual victims in the amounts of their fees, again on a *pro rata* basis. The Government understands the defendants' position to be that restitution should be

stayed pending appeal or that, in the alternative, restitution should be collected from the defendants but not distributed to the victims until an appeal is decided.[1]

The Government believes that restitution should not be stayed pending appeal. As the Government has previously articulated, the defendants are not able to satisfy the standard for a stay pending appeal. *See, e.g.*, Gov't Supplemental Sentencing Submission at 40-41, ECF Doc. 361. Moreover, the victims have already waited years to recover and even if restitution were immediately collected and distributed, it appears that victims will not receive full compensation for their losses. There is no good reason to delay further.

With respect to the topics raised by the Court in its July 2, 2025 Order, the Government offers the following responses:

1. ***Liquidation.*** As reflected in the proposed orders, the Government advocates a procedure whereby the defendants are afforded a brief period to liquidate assets and real property to be followed by the prompt transfer of cash to the Clerk of Court for distribution to victims. The Government believes that a procedure that requires the defendants to sell their property and reduce its value to cash is superior to a procedure that would require the defendants to transfer assets or real property to the Government and require the Government to manage or sell the defendant's assets or property. In all likelihood, the defendants will be able to move more quickly, and at lower cost, to sell their assets and property, to the benefit of victims. Additionally, placing assets and property in Government control will not meaningfully reduce the risk the defendants wrongfully dissipate their assets. Both by the terms of the proposed restitution orders and by operation of federal liens the Government expects to obtain and record against the defendants' remaining property, the defendants will not be able to transfer assets or property without first alerting the Government and the Government, therefore, will have a reasonable opportunity to ensure that all required sale proceeds are sent to the Clerk of Court even without full possession. *See, e.g.*, 18 U.S.C. §§ 3613(a)-(f), 3664(m).

2. ***Escrow.*** While the Government recognizes the Court's authority to order a formal escrow arrangement, the Government's position is that it should not do so. The costs of an escrow agent would consume portions of the funds owed to victims and, in light of the high likelihood that victim recoveries will be incomplete, escrow costs will exacerbate shortfalls in victim recoveries.

As an alternative to a formal escrow arrangement, the Court has the authority to direct the Clerk of Court to receive restitution funds but to hold them in an interest-bearing account until a specified time for distribution. *See* Fed. R. Crim. P. 38(e)(2) (authorizing "an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry"). Accordingly, if the Court were to accept the defendants' arguments that some or all of the restitution funds ought to be withheld from distribution pending the outcome of the appeal in this

---

[1] To this end, the Government understands that counsel to Patrick Halligan will submit a proposed restitution order on his behalf that largely tracks the Government's proposed order but defers distribution of payments until after an appeal is decided.

matter, the Court can achieve that result by directing the funds to be held by the Clerk of Court until the issuance of the mandate following an appeal.

To be clear, however, the Government maintains that victims ought to receive distributions as funds become available and ought not to be forced to wait for an additional period of years before they may recover their losses. But if the Court is inclined to withhold distributions, the Government respectfully suggests it do so through the Clerk of Court rather than formal escrow.

3.  *Monthly gross income payments.* Consistent with its view that restitution should be distributed as it is received, and not withheld pending appeal, the Government opposes a plan to direct the defendants to contribute monthly payments to an escrow account. The Government does accept, however, that the defendants should contribute gross monthly income toward the satisfaction of their restitution obligation and has included such a term in the proposed order for each defendant.

Additionally, as reflected in the proposed restitution orders, the parties agree on the dates by which the defendants shall start contributing a portion of their gross monthly income, in the event restitution is not stayed pending appeal.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-2580/-2504/-2106

Cc: Counsel of Record (via ECF and email)