UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA : | **Order of Restitution** |
| v. : | |
| SUNG KOOK (BILL) HWANG, : | S1 22 Cr. 240 (AKH) |
| Defendant. : | |

---

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One through Six and Counts Eight through Eleven of the S1 Indictment; the Court's findings at the sentencing hearings occurring on November 20, November 21, and December 19, 2024, and July 22, 2025; the restitution hearings held before Magistrate Judge Barbara Moses; the Court's findings following the hearing, ECF Doc. 445; and all other proceedings in this case, it is hereby ORDERED that:

### 1.  Amount of Restitution

Sung Kook (Bill) Hwang, the defendant, shall pay restitution in the total amount of $9,409,521,514.76 pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, to the victims of the offenses charged in Counts One through Six and Counts Eight through Eleven. The names and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

### A.   Joint and Several Liability

Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victims' losses and the economic circumstances of each defendant. Hwang is responsible for the entire restitution amount set forth above. Any restitution payments by Patrick Halligan (in 22 Cr. 240), William Tomita (22 Cr. 231), and Scott Becker (22 Cr. 231) shall be credited against the remaining restitution amount owed by Hwang, however, such that no victim may recover more than the amount specified in the Schedule of Victims.

### B.   Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims in two phases, as follows:

Restitution shall first be paid to individual victims, up to the amounts identified in Part 1 of the Schedule of Victims, on a *pro rata* basis;

After the individual victims have fully recovered the amounts in Part 1 of the Schedule of Victims, restitution shall next be paid to the persons and entities identified in Part 2 of the Schedule of Victims, up to the amounts identified in Part 2, on a *pro rata* basis.

### 2.   Schedule of Payments

The total amount of restitution is due immediately; however, pursuant to 18 U.S.C. § 3664(f)(2) and 18 U.S.C. § 3572(d)(1) and (2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule set forth below:

2

First, the defendant will use his best efforts to monetize the following categories of assets in the amounts and within the time periods specified as follows:

a. *Bank Accounts, Securities Accounts & IRA*. The defendant shall liquidate 90 percent of his portion of all bank accounts, brokerage accounts, and retirement accounts in his possession within thirty days of the entry of judgment. The defendant shall immediately transfer the liquidated portion to the Clerk of Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court. Any remaining funds may be used solely to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

b. *Private Equity Investments*. As to the defendant's interest in distributions or return of principal from private equity investments, within thirty days of receiving a distribution, payment, or other payout from the investment, up to $8,000,000, the defendant shall immediately transfer his interest in such monies, less any reasonable and necessary costs or fees, to the Clerk of Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court. Prior to receiving the distributions, the defendant shall not transfer, encumber, or dissipate his interest in any assets in this category without prior notice and consent of the Government. The defendant's interest in any distributions, payments, or other payouts in excess of $8,000,000 may be used solely to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

      c.    *Real estate.* The defendant shall not transfer, encumber, or dissipate his interest in 26 Trafalgar Road, Tenafly, NJ (the "Tenafly Property"), except to pay regular expenses, including reasonable legal fees and preexisting liabilities, or to comply with other provisions of this Order.

The defendant shall use best efforts to facilitate the sale of all real property other than the Tenafly Property in his possession, at the best available market prices, within 180 days of the entry of the judgment. Upon receiving a payment from the sale, the defendant shall immediately transfer his interest in the liquidated portion, less any reasonable and necessary costs or fees, to the Clerk of Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court. The existing tenancies in the 1248 Seaview Drive, Fullerton, CA and 134 Van Nostrand Ave, Englewood, CA properties may survive any sale.

      d.    *Vehicles.* The defendant shall use best efforts to sell, at the best available market prices, the 2021 Jaguar F-Type and 2022 Ford Bronco within 60 days of the entry of judgment. Upon receiving a payment from the sale, the defendant shall immediately transfer his interest in the liquidated portion, less any reasonable and necessary costs or fees, to the Clerk of Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

      e.    *Artwork.* The defendant shall use best efforts to sell the artwork referenced in paragraph 177 of the Presentence Report through private sale within ninety days of the entry of

4

judgment, with the remainder to be sold by auction. Upon receiving a payment from the sale, the defendant shall immediately transfer his interest in the liquidated portion, less any reasonable and necessary costs or fees, to the Clerk of Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

    f. *Personal loans.* The defendant shall immediately transfer to the Government all right, title, and interest in the personal loans extended by the defendant that are referenced in Paragraph 177 of the Presentence Investigation Report and provide the Government with evidence sufficient to demonstrate the existence of each loan, its terms, and the current outstanding balance. Any recovery obtained by the Government shall be deposited with the Clerk of Court or other Court official designated to receive and disburse restitution funds and the amount shall be credited against the outstanding restitution balance. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

Second, pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611, the Court shall order any money belonging to and deposited by the defendant with the Clerk of Court for the purposes of a criminal appearance bail bond to be applied to the payment of restitution. The Clerk of Court or its designee shall hold the transferred amounts in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

Third, the defendant shall make minimum monthly payments on the remaining restitution balance in installments. In the month that commences after judgement is entered, the defendant

5

will commence monthly installment payments of at least 15 percent of the defendant's gross income, payable on the 15th of each month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n). The Clerk of Court or its designee shall hold these payments in an interest-bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

Fourth, the liquidation and payment schedule described above is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted, or a victim to do the same to the extent authorized by law, except that the Government may not enforce this Order in a manner that would require the defendant (a) to sell the Tenafly Property prior to the conclusion of any appeal in this matter or (b) to liquidate the specific property described above in advance of the prescribed period defined in Paragraphs 2(a) through 2(f) above.

Fifth, as to any other category of asset, interest, or other property owned or controlled by the defendant, and not identified in paragraphs 2(a) through 2(f) above, the defendant may not encumber, transfer, or dissipate his interests in the value of such asset, interest, or property without prior notice to the Government and leave of the Court.

Sixth, the defendant shall pay all applicable fees, costs, or taxes on the transactions described in paragraphs 2(a) through 2(f) above, and shall transfer to the Clerk of Court or its designee amounts net of any applicable fees, costs, or taxes. The defendant shall exercise best efforts to minimize the imposition of fees, costs, or taxes on all transactions, to the extent permissible within the constraints of this Order.

### 3. Payment Instructions

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

### 4. Distributions

The distribution of collected restitution funds shall commence upon the earlier of (i) the return of the mandate to this Court or (ii) further order of the Court. As specified above, until such time, the Clerk of Court or its designee shall hold payments made by the defendant in an interest-bearing account.

### 5. Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The requirement for interest is waived, pursuant to 18 U.S.C. § 3612(f)(3)(A), provided that the defendant complies with the Schedule of Payments set forth in Paragraph 2.

### 6. Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

### 7. Sealing

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____  
HONORABLE ALVIN K. HELLERSTEIN  
UNITED STATES DISTRICT JUDGE

Jul 29, 2025  
DATE